## M. L. STONER v. H. C. SPENCER.

1—A writ of error bond becomes *functus officio* by a judgment of this court against the plaintiffs in error for costs, and dismissing the case, and can not, therefore, support a new citation in error sued out to bring up the case a second time.

2—When the citation in error was sued out more than two years after the rendition of the judgment below, the case will be dismissed from this court.

ERROR from DeWitt. Tried below before the Hon. S. A. White.

The opinion states the only facts relevant to the rulings.

*Glass & Callender*, for defendant in error, moved to dismiss, and filed the following brief in support of their motion:

In support of the motion to dismiss this cause, we beg leave

to suggest that the record itself, as well as the minutes of this court, show that the plaintiff in error has no standing in court. The judgment of the District Court was rendered March 30, 1866. The writ of error was sued out July 6, 1867, and service was perfected July 16, 1867. In January, 1868, this court dismissed the cause " without prejudice," the transcript being filed too late. We suppose this dismissal without prejudice left the plaintiff in error at liberty to sue out a new writ of error. But he did not do so. He rested quiet until the term of this court in January, 1869, when he filed with the clerk a new transcript, and filed it too late, if everything else had been regular. The transcript thus filed was stricken from the docket " for want of service"—which meant, we suppose, that there was nothing to give the court jurisdiction of the case.

On the 15th of July, 1869, a new citation in error was issued, and service made July 18, 1869. More than two years had elapsed since the judgment, and even since the former citation was issued. There was no petition for a new writ of error, and if there had been it would have been too late; but the attempt is made to bring the cause into this court by a second service upon the same writ upon which service had been perfected more than two years before. We insist that this can not be done. The writ was dead, and service upon it was an idle proceeding. (Dias v. Munos, 17 Tex., 518; Walea v. McLean, 14 Tex., 18, 19; Cunningham v. Perkins, 28 Tex., 488.) Under the principles settled in these cases, the cause must be dismissed. There is here no bond—not even for costs; and to allow the cause to be heard now would be to give the benefit of a writ of error without any bond whatever, for the former dismissal released the sureties in the bond of 1867. (Prestige v. Prestige, 25 Texas, 585.)

In ordinary cases, where a second citation in error should be found in the record, it might be supposed that there had been a second petition and bond in error, and that the clerk had omitted them by mistake. But here there could have been none, for the judgment having been rendered in March, 1866,

it was manifestly too late to sue out a new writ of error after the dismissal in January, 1869.

*Mills & Tevis*, for plaintiff in error, filed a brief on the merits; but none on the motion to dismiss has reached the hands of the Reporter.

Lindsay, J.—In this case the judgment was rendered at the March term of the District Court, 1866, a writ of error was sued out the 6th of July, 1867, perfected by service the 16th of September, 1867, the case filed in this court 15th of January, 1868, and the cause dismissed without prejudice the 31st of January, 1868, with a judgment for costs on the writ of error bond. A new citation in error has been obtained, and was served upon the defendant in error on the 18th of July, 1869, more than two years after the rendition of the judgment and without the execution of a new writ of error bond. 1. The former bond was *functus officio* by the judgment for costs on the dismissal. 2. The new writ was obtained more than two years after judgment. For both of these reasons the cause is dismissed from the docket.

Dismissed.