KOLP et al. v. SHRADER. (No. 8028.)

(Court of Civil Appeals of Texas. Ft. Worth.
May 23, 1914. Rehearing Denied
June 27, 1914.)

1. APPEAL AND ERROR (§§ 387, 397*) — PRO-
CEEDINGS FOR APPEAL.

Appeals must be prosecuted by giving the
necessary notice of appeal in open court, and
by filing the necessary bond within 20 days
after the expiration of the term, or within 20
days after giving notice of appeal, as required
by Rev. St. 1911, art. 2084.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 2064–2070, 2101; Dec.
Dig. §§ 387, 397.*]

2. APPEAL AND ERROR (§ 338*)—WRIT OF ER-
ROR.

Where no appeal has been taken, a writ of
error may be prosecuted under Rev. St. 1911,
art. 2086, at any time within 12 months after
final judgment, provided at the time of the
filing of the petition a bond or affidavit in lieu
thereof is filed, as required by article 2089.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 1879–1882, 3057; Dec.
Dig. § 338.*]

3. APPEAL AND ERROR (§ 391*)—WRIT OF ER-
ROR—BOND—SUFFICIENCY.

A cost bond on appeal becomes inopera-
tive on the dismissal of the appeal, and on pay-
ment of the costs, and cannot be treated as a
bond on writ of error though the sureties pre-
sent affidavits reciting that they intend the bond
to be operative in the prosecution of the writ
of error.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 2077–2084, 2087–2088;
Dec. Dig. § 391.*]

4. APPEAL AND ERROR (§ 391*)—WRIT OF ER-
ROR—BOND—SUFFICIENCY.

Rev. St. 1911, art. 2104, authorizing the
appellate court to allow appellant to amend
the appeal bond by filing a new bond, does not
permit the filing of an appeal or writ of error
bond in the appellate court for the first time,
and there must be at least an attempt to com-
ply with the statute regulating appeals and
writs of error, when a defective bond may be
remedied by leave of court.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 2077–2084, 2087–2088;
Dec. Dig. § 391.*]

Error to Tarrant County Court; Chas. T.
Prewitt, Judge.

Action between E. R. & D. C. Kolp and F.
P. Shrader. There was a judgment for the
latter, and the former bring error. Dis-
missed.

See, also, 131 S. W. 860.

Flournoy, Smith & Storer, of Ft. Worth,
for plaintiffs in error. W. W. Wilkinson, of
Ft. Worth, for defendant in error.

CONNER, C. J. On February 28, 1913,
plaintiffs in error suffered an adverse judg-
ment in the county court of Tarrant county,
and on March 14th thereafter perfected an
appeal to this court by filing a bond with
sureties and conditioned for the payment of
costs of suit, etc., as provided in article 2097,
Revised Statutes. The record was duly filed
in this court on June 4, 1913, and thereafter
on the same day plaintiffs in error filed their

motion to have their said appeal dismissed on
the ground that the judgment was not a final
one. On June 14, 1913, the motion to dis-
miss the appeal was granted. The motion,
however, was granted without a considera-
tion or determination of the question of the
finality of the judgment; the dismissal be-
ing placed upon the ground merely of appel-
lants' request therefor. On the 17th day of
February, 1914, the former appellants filed in
said county court their petition for the writ
of error before us, and caused the issuance
and service of citation in error, but gave no
other or further bond than as hereinbefore
stated. The transcript in error was filed in
this court on the 11th day of April, 1914, and
defendant in error has moved to dismiss the
writ.

[1, 2] We think the motion should be sus-
tained and the writ of error dismissed. Ap-
peals are prosecuted by giving the necessary
notice of appeal in open court, and by filing
the necessary bond within 20 days after the
expiration of the term, or within 20 days
after notice of appeal is given as the case
may be, as required by article 2084, Revised
Statutes.

In cases where no appeal has been taken,
writs of error may be prosecuted at any time
"within twelve months after the final judg-
ment is rendered and not thereafter." See
article 2086, Revised Statutes. Article 2089,
however, provides that in cases where a writ
of error is taken "the plaintiff shall also, at
the time of filing such petition, file with the
clerk a writ of error bond, or affidavit in
lieu thereof."

[3] The bond relied upon as supporting the
writ of error now before us is the bond for-
merly given by plaintiffs in error in an effort
to prosecute an appeal, and the question is,
Will such bond give this court jurisdiction to
review the merits of the case? The cost
bond on appeal or writ of error in terms is
the same, so that no objection can be made to
the mere form of the bond under considera-
tion, but the record shows that on the dis-
missal of the appeal, as hereinbefore stated,
all the costs of this court were duly paid, and
in our opinion the obligation of the sureties
then ceased. The bond was no longer oper-
ative, and its appearance in the record below
cannot be made to supply the requirement of
the statute that the plaintiff at the time of
the filing of his petition for writ of error
shall also file a bond. Plaintiffs in error
present affidavits on the part of the sureties
that they intend the bond under considera-
tion to also be operative in the prosecution of
this writ of error, but no argument will be
needed, we feel sure, for the conclusion that
neither the affidavits nor expressed intention
of the sureties can revive the legal effect of
a bond that has become functus officio, or
made to supply a necessary requirement of
the statute.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

[4] Plaintiffs in error request, however, that they now be permitted to file sufficient writ of error bond. Article 2104 of the Revised Statutes provides that:

"When an appeal has been or shall be taken from the judgment of any of the courts of this state by filing a bond or entering into a recognizance within the time prescribed by law in such cases, and it shall be determined by the court to which appeal is taken that such bond or recognizance is defective in form or substance, such appellate court may allow the appellant to amend such bond or recognizance by filing a new bond on such terms as the court may prescribe."

In Hugo v. Seffel, 92 Tex. 414, 49 S. W. 369, it was expressly held that since the enactment of the law above quoted a defective appeal bond was sufficient to give the appellate court jurisdiction. To the same effect is the case of Williams v. Wiley, 96 Tex. 148, 71 S. W. 12, wherein a writ of error had been prosecuted. While in the latter case the court suggests a doubt of whether or not with the statute quoted in force it should be longer held that the jurisdiction of an appellate court depends at all upon the giving of a bond, the question was not in fact decided, and we cannot bring our minds to the conclusion that the statute permitting an amendment of an appeal bond should be so extended as to permit the filing of an appeal or writ of error bond in this court for the first time. To do so is evidently to entirely nullify the article of the statute which requires the party prosecuting an appeal to file an appeal bond within 20 days after the rendition of a judgment, or to file his bond, in cases of writs of error, at the same time that he files his petition therefor. There should at least be an attempt to comply with the statute regulating appeals and writs of error. When this is done, though the bond may prove to be defective in form or substance, the jurisdiction of the appellate court attaches, and we then, but not otherwise, may permit the appealing party to remedy the defect.

We conclude that the motion to dismiss the writ of error should be sustained; and it will be so ordered.