## MOWREY v. FIDELITY & DEPOSIT CO. OF MARYLAND.   (No. 8284.)

(Court of Civil Appeals of Texas. Galveston.' March 1, 1923.)

1. **Appeal and error** ⊚⇒773(2)—**Dismissal of appeal for failure to file briefs as required is within appellate court's discretion.**

Where a motion to dismiss an appeal because of failure to file briefs sooner than three days before submission shows no willful infraction of the rule nor any material injury to defendant in error, the matter is within the sound discretion of the appellate court.

2. **Appeal and error** ⊚⇒373(1)—**Appeal bond after dismissal of appeal cannot be refiled as writ of error bond.**

Where an attempted appeal has been dismissed because of appellant's failure to file his appeal bond in time, the bond becomes functus officio, and the obligation of the sureties thereon ceases, and it cannot thereafter be refiled as a bond for a writ of error, under Rev. St. arts. 2089 and 2097.

Error from District Court, Harris County; Chas. E. Ashe, Judge.

Action between C. W. Mowrey and the Fidelity & Deposit Company of Maryland. Judgment for the latter, and the former brings error. Dismissed.

Warren & Conn, of Houston, for plaintiff in error.

Gill Jones, Tyler & Potter, of Houston, for defendant in error.

GRAVES, J. [1] At a former day of this term the defendant in error's motion to dismiss this appeal because of the failure of plaintiff in error to file briefs in this court sooner than about three days before submission and in the trial court at all was overruled. We are still of the opinion, despite its renewal in a new motion to dismiss, that that ground should not be sustained; in the circumstances presented there was shown neither a willful infraction of the rule with reference to the filing of briefs, nor any material injury to the defendant in error by the failure to file in the time and manner prescribed. Under such conditions, our Supreme Court has held that the matter is within the sound discretion of the appellate court. Railway Co. v. Holden, 93 Tex. 211, 54 S. W. 751.

[2] The new motion to dismiss, however, challenges this court's jurisdiction to entertain the appeal for a reason not formerly suggested; that is, upon the ground that no

writ of error bond has ever been filed in the case. This contention must be sustained. The facts upon this feature shown by the record are these: The bond on which the citation in error issued shows upon its face and by its file marks that it was the same instrument as was originally executed by the principal and sureties thereon in the effort to perfect an appeal in the cause, bore date of September 20, 1921, was filed and approved by the clerk as an appeal bond September 23, 1921, and was, without change of any sort, merely refiled and reapproved December 28, 1921. By his sworn motion for permission to file his transcript in this court plaintiff in error avers that he had "caused the clerk to refile as his bond for writ of error the appeal bond which appellant had previously filed," etc. The appeal so attempted to be perfected was subsequently dismissed by this court because of the failure of appellant to file this appeal bond in time. Then followed the present effort to bring the cause here by writ of error upon the same bond by merely having it refiled and reapproved by the clerk of the court below, as stated.

In these circumstances, and under our statutes and authorities, we conclude that, on the previous dismissal of the appeal by this court, this bond became functus officio, that the obligation of the sureties thereon then ceased, and that it cannot support the citation in error sued out to bring the cause here by that method. R. S. arts. 2089, 2097; Stoner v. Spencer, 32 Tex. 653; Kolp v. Shrader (Tex. Civ. App.) 168 S. W. 464.

The appeal is accordingly dismissed for want of jurisdiction.

Appeal dismissed.