### WASHITA RANGER OIL CO. et al. v. DISNEY et al. (No. 10487.)*

(Court of Civil Appeals of Texas. Fort Worth. Feb. 9, 1924.)

**1. Appeal and error ⬤⇒1—Privilege of requiring an appellate court to review trial court's proceedings is dependent on legislative grant.**

Privilege of requiring an appellate court to review trial court's proceedings is dependent on legislative grant and regulation.

**2. Appeal and error ⬤⇒373(1)—Cost bond filed as an appeal bond not treated as bond for prosecution of writ of error.**

Cost bond filed as an appeal bond, under Rev. St. art. 2084, could not be treated as a bond for prosecution of a writ of error under articles 2086–2088. 2097, 2099, where it was executed and filed in trial court more than four months prior to date of filing of petition for writ of error, and appellate court could not say whether sureties were solvent or whether they had consented to become bound for prosecution of writ of error, and, no writ of error bond having been filed, cost bond could not be treated as writ of error bond under article 2104.

Error from District Court, Eastland County.

Action by R. A. Disney and others against the Washita Ranger Oil Company and others. Judgment for plaintiffs, and defendants bring error. On motion to dismiss. Writ dismissed.

P. D. Mitchell, of Oklahoma City, Okl., for appellants.

Levy & Evans, of Fort Worth, for appellees.

CONNER, C. J. As presented by the transcript in this case R. A. Disney and others sued the Washita Ranger Oil Company and its trustees for damages arising out of a drilling contract entered into between the parties. The case was submitted to a jury upon special issues on November 25, 1921, and upon the answers judgment was rendered in favor of the plaintiffs for the sum of $10,730. A motion for new trial appears to have been filed November 28, 1921. The transcript contains no order showing action of the court upon the motion for new trial, nor does it appear that notice of appeal was given in open court, either from the judgment rendered or from any ruling of the court upon the motion for new trial. The term of court at which the foregoing judgment appears to have been rendered expired on December 31, 1921. An appeal bond covering costs was filed on July 22, 1922, but no appeal appears to have been prosecuted. Later, to wit, December 11, 1922, the defendants, against whom the judgment was rendered, filed in the district court their petition for a writ of error to this court, and citation in error appears to have issued and been duly served upon counsel for defendants in the judgment upon the same day. No writ of error bond, however, was then or at any later day filed, and upon the failure to so file such bond the defendants in error have moved to dismiss the writ.

[1, 2] Upon the facts stated, our duty to sustain the motion and dismiss the writ of error would seem to be plain. In view of the large judgment and the earnest effort to sustain our jurisdiction, however, we will briefly discuss the case. The privilege of requiring an appellate court to review the proceedings of a trial court is dependent upon legislative grant and regulation. In this state the Legislature has provided by article 2084, Rev. Statutes, that:

"An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered by the appellants giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record, and by his filing with the clerk an appeal bond, where bond is required by law, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term."

Amended article 2086 provides that:

"The writ of error may, in cases where the same is allowed, be sued out at any time within six months after the final judgment is rendered and not thereafter."

Article 2087 reads:

"The party desiring to sue out a writ of error shall file with the clerk of the court in which the judgment was rendered a petition in

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction June 12, 1924.

writing signed by him or by his attorney, and addressed to such clerk."

The next article (2088) prescribes the requisites of the petition, and article 2089 reads:

"The plaintiff [in the writ] shall also, at the time of filing such petition, file with the clerk a writ of error bond, or affidavit in lieu thereof, as hereinafter provided."

Article 2097 prescribes the terms of a cost bond on appeal or writ of error, and the next article provides that in cases where a party is unable to pay the cost of appeal, or give security therefor, he may make affidavit of his inability to do so, and thus be entitled to prosecute his appeal.

Article 2099 reads:

"When the bond, or affidavit in lieu thereof provided for in the two preceding articles, has been filed and the previous requirements of this chapter have been complied with, the appeal or writ of error, as the case may be, shall be held to be perfected."

It has been expressly held that a failure to give bond as required by articles 2084 and 2097, or, in lieu thereof, an affidavit as required by article 2098, leaves this court without jurisdiction. See Railway Co. v. Whatley, 99 Tex. 128, 87 S. W. 819. The same rule applies with like force to an appeal for a writ of error where the plaintiff in error has failed to give bond or affidavit as prescribed by the articles of the statutes. The plaintiffs in error admit that no bond was filed at the time of signing the petition for the writ of error in this case, but it is insisted that the bond that had been filed on appeal is equivalent thereto and in substantial compliance with article 2089. It is to be noted, however, that, while the form of the bond required in the case of an appeal is substantially the same as that required for the prosecution of a writ of error, the statute requires the bond on an appeal to be filed within 20 days after the expiration of the term, while in the case of a writ of error it is provided that the bond or affidavit in lieu thereof shall be filed and approved "at the time of filing such petition." The appeal bond in this case was filed more than six months after the date of the judgment as shown by its recitation, and after the term of court at which the judgment was rendered had expired. However, we find in the transcript an affidavit of the clerk to the effect that, while the verdict of the jury was returned in open court on the 25th day of November, 1921, no judgment was rendered and entered in said cause during said November term of court, but it was entered and filed at a subsequent term, to wit, on the 28th day of June, 1922, which was the May term of said court, two terms of the court having intervened between the November term and the May term. The clerk further certifies that no nunc pro tunc order appears on the record to have been made.

In Carwile v. William Cameron & Co., 102 Tex. 171, 114 S. W. 100, our Supreme Court held, after a review of the statutes, that the rendition of a judgment on a general verdict is a ministerial act, and that the entry thereof may be made at a subsequent term nunc pro tunc. But, if we assume that the affidavit of the clerk can be accepted as controlling the date of the judgment as specified therein, and that in this case the judgment was in fact entered on the 28th day of June, 1922, without a nunc pro tunc order therefor, and hence that the bond on appeal filed within the 20-day period required by article 2084, we yet have a bond executed and filed in the trial court more than 4 months prior to the date of the filing of the petition for the writ of error. The statute (article 2089) is specific in the requirement that the writ of error bond shall be filed at the time of the filing of the petition; and under the terms of article 2097 a writ of error is not perfected until this requirement has been complied with. It cannot be held, we think, that the bond filed 4 months previous to this, and avowedly for the purpose of prosecuting an appeal, constitutes a compliance with the requirement that a writ of error bond must be filed at the time of the filing of the petition. We cannot say from the record that the sureties on the cost bond were solvent and sufficient for the payment of the sum therein prescribed at the time the petition for the writ of error was filed, even though they may have been so at the time the cost bond was executed and certified as sufficient by the clerk. Nor do we find anything in the record indicating that the sureties on the cost bond have consented to become bound for the faithful prosecution of the writ of error. It was held by the San Antonio Court of Civil Appeals in the case of Estado Land & Cattle Co. v. Ansley, 6 Tex. Civ. App. 185, 24 S. W. 933, that an action could not be maintained on the appeal bond, where notice of appeal in open court had not, as in this case, been noted on the docket and entered of record.

In the case of Mowrey v. Fidelity & Deposit Co. of Maryland, 251 S. W. 252, it was held by the Galveston Court of Civil Appeals that, where an attempted appeal had been dismissed because of appellant's failure to file his appeal bond in time, the bond becomes functus officio; and the obligation of the sureties thereon ceases, and it cannot thereafter be refiled as a bond for a writ of error, under articles 2089 and 2097, Rev. Statutes.

We must hold, therefore, that the cost bond filed as an appeal bond on July 20, 1922, cannot be treated as the bond required for the prosecution of the writ of error, and that hence (no writ of error bond having been filed) it cannot be treated as coming within article 2104, Rev. Statutes, which authorizes

this court to permit an appellant or plaintiff in error to amend a bond held to be defective in form or substance. See Kolp v. Shrader (Tex. Civ. App.) 168 S. W. 464, where this subject is fully discussed.

We conclude that the motion to dismiss the writ of error must be sustained and the writ dismissed.