## LEONARD v. JACKSON. (No. 10426.)

Court of Civil Appeals of Texas. Dallas.
Oct. 27, 1928.

Claude C. Westerfeld, of Dallas, for plaintiff in error.

W. H. Clark and F. M. Chaney, both of Dallas, for defendant in error.

JONES, C. J. Appellee insists, in a motion to dismiss, that this court has acquired no jurisdiction to review the judgment of the lower court, on the ground that no writ of error bond, required by the statute to vest this court with jurisdiction, has been filed in this case, and bases such contention upon the following facts:

Final judgment was entered in this case on March 26, 1928, a supersedeas writ of error bond was filed by appellant in the trial court on June 25, 1928, but the petition for writ of error was not filed in such court until July 20, 1928. Citation in error at once issued, was duly served on appellee, and the officer's return made thereon. The specific contention is that, because the petition for writ of error was not filed at the time of the filing of the bond, its filing was not authorized by law and could not be made a basis for writ of error, and, in fact, could have no legal purpose, and that there was in law no bond, or affidavit in lieu thereof, to perfect the appeal and give this court jurisdiction.

Article 2258, Rev. Civ. Stat. 1925, reads: "The plaintiff at the time of filing such petition shall file with the clerk a writ of error bond, or affidavit in lieu thereof, as provided by law." Article 2259 reads: "Upon the filing of such petition and bond, the clerk shall forthwith issue a citation for the defendant in error and if there be several defendants residing in different counties, one citation shall issue to each of such counties." The supersedeas bond in the instant case is in the form prescribed by the statute for such bond, except that it is stated in said bond that: "On the ——— day of June, 1928, she filed in said court her petition for a writ of error." The articles of our Statutes, above quoted, have been construed to the effect that it is not mandatory that the petition for writ of error and the bond be filed at the same time, but that, before a citation in error shall issue, the bond must have been filed. Thompson v. Hawkins (Tex. Civ. App.) 38 S. W. 236; Thompson v. Thompson (Tex. Civ. App.) 41 S. W. 679; Rounds v. Coleman (Tex. Civ. App.) 185 S. W. 640.

Appellee supports his contention by authorities which hold that, if a party attempts first to invoke the jurisdiction of this court through the method of appeal and within the statutory time files an appeal bond, but afterwards abandons the appeal and files a petition for a writ of error, and because of such abandonment, the appeal bond has become functus officio and can form no basis for an appeal by writ of error. The reason underlying this holding is that the sureties on the appeal bond signed same for the undertaking stated in said bond, that is, the prosecution of an appeal; that a writ of error is another and different undertaking and not the one upon which the said sureties became obligated for its prosecution. In the instant case there was no undertaking other than an appeal by means of a writ of error, and it was the prosecution of this undertaking by appellant that the sureties obligated themselves when they signed the bond. It is precisely this undertaking that is being performed in this court, and the sureties are liable on such bond for

its performance. The bond in the instant case never became functus officio, for the reason that appellant never abandoned his writ of error to the district court, but perfected same by the filing of a petition and the securing of proper service on appellee.

The motion to dismiss is overruled.