CHOPELAS et ux. v. NORTH RIVER INS. CO. et al.

No. 12217.

Court of Civil Appeals of Texas. Dallas.

April 24, 1937.

Rehearing Denied May 22, 1937.

E. G. Senter, of Dallas, for plaintiffs in error.

R. W. Mayo and Geo. K. Holland, both of Dallas, for defendants in error.

JONES, Chief Justice.

This is an attempt to have reviewed by this court, by means of writ of error, the judgment entered in a consolidated cause in a district court of Dallas county. In one of these suits, Pete Chopelas and wife were plaintiffs and North River Insurance Company and General Insurance Company were the defendants. The Minnesota Life Insurance Company and Murray Investment Company were also interested in this suit as plaintiffs. This suit was to recover on policies of insurance issued by the North River Insurance Company and General Insurance Company of America, because of a fire, damaging or destroying the home owned by Pete Chopelas and occupied by himself and wife as their homestead. The other of the consolidated suits was instituted by Minnesota Mutual Life Insurance Company and Murray Investment Company, because of a loan made to Chopelas by Murray Investment Company, and secured by two deeds of trust on the property in question. The deed of trust creating the first lien to secure the principal of said indebtedness was duly transferred to the Minnesota Mutual Life Insurance Company. Because of an unfavorable judgment in this consolidated cause, Pete Chopelas and his wife have attempted to secure a review of such judgment in this court, by filing a petition for

writ of error. The following are the necessary facts on the question we consider conclusive of the appeal:

On May 27, 1935, subsequent to the rendition of the corrected judgment, plaintiff in error Pete Chopelas filed an affidavit in lieu of an appeal bond, which was accepted by the court as sufficient, and thereby perfected an appeal to this court, from the judgment as corrected by the judgment of May 18, 1935. This appeal, however, was abandoned, as no record was filed in this court within the statutory time allowed for filing records in cases on appeal and no motion was made to affirm on certificate. On October 22, 1935, having abandoned said appeal, plaintiffs in error filed in said district court of Dallas county a petition for writ of error. Defendants in error waived service of citation on this petition. No writ of error bond, or affidavit in lieu thereof, was filed in the trial court with the petition for writ of error. Plaintiffs in error seemingly relied upon the affidavit that had been filed on May 27, 1935, to perfect the appeal then attempted, and the order of court permitting the prosecution of the appeal on such affidavit.

At the threshold of this case, we are met with a motion by defendants in error, which had been filed before the submission, but passed for consideration with the main case, to dismiss this appeal for want of jurisdiction. This motion contains two grounds for dismissal, to wit, that the only valid final judgment in this case was entered on March 30, 1935, and that more than six months had elapsed since the pronouncement of such judgment, and hence no writ of error would lie. The second ground is that plaintiffs in error never perfected their writ of error, for the reason that no writ of error bond, or affidavit in lieu thereof, was filed in this case. We overrule the first of these contentions, as all parties appear to have been in court at the time the court heard the pleadings, praying for the correction of the judgment, at the time the corrected judgment was rendered. Plaintiffs in error's time for filing the writ of error, which is six months from date of rendition of the judgment, would begin to run from the date of the corrected judgment, which was May 18, 1935, and not from the date of the superseded original judgment, which was March 30, 1935.

We have concluded, however, that the second ground to dismiss this writ of error is well taken. Manifestly, the affidavit in lieu of an appeal bond was filed to perfect an appeal from the judgment rendered, and not to perfect a writ of error to be subsequently sued out. It is also manifest that this appeal was abandoned by plaintiffs in error, and a review of the judgment of the lower court was sought by means of writ of error. Hence, if an appeal bond had been filed on May 27, 1935, it would have become functus officio; the same thing must be true of an affidavit in lieu of an appeal bond. The affidavit perfecting the appeal became a nullity, when the appeal was abandoned. Washita Ranger Oil Co. et al. v. Disney (Tex.Civ. App.) 264 S.W. 630; Stuart Independent School Dist. v. Wilson Independent School Dist. (Tex.Civ.App.) 60 S.W.(2d) 484; Shipp v. Metzger Dairies (Tex.Civ.App.) 88 S.W.(2d) 660; Kolp v. Shrader (Tex. Civ.App.) 168 S.W. 464; Mowrey v. Fidelity & Deposit Co. of Maryland (Tex.Civ. App.) 251 S.W. 252.

The fact that plaintiffs in error were unable to give an appeal bond on May 27, 1935, can by no means be considered as conclusive of the fact that approximately five months later, October 22, 1935, they were unable to give a writ of error bond. The statute allowing an appeal by writ of error clearly contemplates that the affidavit of inability to give bond is to be filed contemporaneously with the petition for writ of error. Article 2258, R.C.S. Article 2267 declares that, "When the bond, or affidavit in lieu thereof, provided for in the two preceding articles [2265 and 2266], has been filed and the previous requirements of this chapter have been complied with, the appeal or writ of error, as the case may be, shall be held to be perfected." As neither a writ of error bond, nor an affidavit in lieu thereof, was filed in this case, when the petition for writ of error was filed, or at any time subsequent thereto, it follows that the writ of error was never perfected, the jurisdiction of this court never attached, and that this appeal by writ of error must be dismissed. It is so ordered.

Appeal dismissed.