YELLOW CAB CORPORATION OF DALLAS v. HILL.

No. 12596.

Court of Civil Appeals of Texas. Dallas.

Dec. 4, 1937.

Rehearing Denied Jan. 8, 1938.

Clark & Rice, of Dallas, for appellant.

Wright K. Smith, of Dallas, for appellee.

BOND, Chief Justice.

On original submission of this cause, without written opinion, we sustained appellee's motion to affirm on certificate the judgment of the trial court. On motion for rehearing, appellant challenges the jurisdiction of this court, basing its contention on the ground that, at the time the record was filed in this court, no appeal from the judgment of the trial court was then perfected. On further review, we have reached the conclusion that we were in error in affirming the judgment.

On May 19, 1937, appellee, Ossie Hill, recovered judgment in the county court of law No. 1 against the appellant, Yellow Cab Corporation of Dallas, for the sum of $250, with 6 per cent. interest per annum thereon from the date of the judgment until paid, and all costs of suit. In due time, appellant filed its motion for new trial, and, on July 2, 1937, the court entered an order overruling the motion, to which the appellant excepted and gave notice of appeal. On July 19, 1937, appellant filed a writ of error bond in the sum of $750, payable to the defendant in error, in which indentifies the judgment entered and expressly recites that "from which judgment the said Yellow Cab Corporation of Dallas desires to *sue out a writ of error* (italicized in the record) to the Court of Civil Appeals for the Supreme Judicial District sitting at Dallas, Texas," and conditioned "that such plaintiff in error, Yellow Cab Corporation of Dallas, shall prosecute said writ with effect, and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against it, it shall perform judgment, sentence or decree and pay all such damages and costs as said Court may award against it."

██ Our statute, article 2249 et seq., R.S.1925, as amended, Vernon's Ann.Civ. St. art. 2249 et seq., provides two methods of conferring jurisdiction upon the Courts of Civil Appeals to review the action of district courts in rendering final judgments; one is by appeal and the other by writ of error. Article 2252 defines the parties to each method: A party taking an appeal is called "appellant," and the adverse party the "appellee"; the party suing out a writ of error is called the "plaintiff in error," and the adverse party the "defendant in error." In cases of appeal, article 2253, as amended by Acts 1927, c. 15, § 1, Vernon's Ann.Civ.St. art. 2253, the appellant is only required to give notice of appeal and file with the clerk an appeal bond, or affidavit in lieu thereof, within 20 days of the expiration of the term, or after notice of appeal is given, if the party taking the appeal resides in the county where the judgment was entered, and within 30 days if he resides out of the county. Thus, when an appeal bond is filed, it has the effect to deprive the trial court of jurisdiction of the cause pending appeal. Such is not the case where the appeal is by writ of error. In cases of appeal by writ of error, the plaintiff in error is allowed to sue out a writ at any time within 6 months after the final judgment is rendered, article 2255, by filing with the clerk of such court a written petition for removal, article 2256, giving the names and residences of the parties adversely interested, describing the judgment with sufficient certainty as to identify it, article 2257, and by filing a writ of error bond, or affidavit in lieu thereof. Article 2258. Thus, it will be seen that, by this method of appeal, the filing of the petition and bond, or affidavit, are the two necessary prerequisites to divest the jurisdiction of the trial court and, as a legal result, cause the case to be pending in the appellate court from that date. It is not necessary that the petition and bond be filed at the same time, but it is necessary, before the appellate court acquires jurisdiction and before citation of error is issued by the clerk, that both the petition and bond for writ of error shall be filed with the clerk of the court below. Leonard v. Jackson, Tex.Civ.App., 16 S.W.2d 1099, and authorities therein cited.

██ The filing of a writ of error bond, or affidavit in lieu thereof, alone does not confer jurisdiction on the appellate court, as is the case of the filing of an ordinary appeal bond. Thus, reasoning from the authorities, if a writ of error bond is filed and the appeal is not perfected by filing of the petition within the time required by law, the bond thus filed becomes functus officio and can form no basis to divest the

trial court of jurisdiction of the cause. Mowrey v. Fidelity & Deposit Co. of Maryland, Tex.Civ.App., 251 S.W. 252; Kolp et al. v. Shrader, Tex.Civ.App., 168 S.W. 464; Washita Ranger Oil Co. et al. v. Disney et al., Tex.Civ.App., 264 S.W. 630.

■ A writ of error bond conditioned for suing out a writ of error, although filed within the time required for the filing of an appeal bond, as in the instant case, does not invoke the jurisdiction of the appellate court through the method of appeal, for the reason that the sureties on the writ of error bond signed same for the undertaking stated in the bond; that is, the suing out of a writ of error. A writ of error is deemed to have been sued out only when a petition and bond for the writ of error have been filed and citation issued and served on the adverse parties. It was for the prosecution of this undertaking that the sureties in the instant case avowedly obligated themselves when they signed the writ of error bond. There is nothing in the record indicating that the sureties on the writ of error bond consented to become bound for the prosecution of an appeal other than by writ of error. Thus, if and when the writ of error is not sued out in compliance with the statute, within 6 months from the date of the final judgment, the bond becomes functus officio.

■ In the case of Golden Rod Oil Co. No. 1 et al. v. Golden West Oil Co. No. 1 et al., Tex.Com.App., 293 S.W. 167, 168, pending motion for new trial and at a time that an ordinary appeal was available, plaintiffs in error sued out a writ of error by the filing of a petition and bond. The Commission of Appeals held that: "While they [appellants] would have had the right to appeal by giving notice and filing appeal bond, should their motion for new trial have been overruled, this did not prevent them from abandoning their motion and perfecting appeal by writ of error." So, in the instant case, the filing of the writ of error bond in the court below at a time an appeal was available did not have the effect of perfecting the appeal and did not effectively stay execution of the judgment, as no appeal had then been perfected by either of the two methods provided by law.

So, concluding, appellant's motion for rehearing is granted, the affirmance of the judgment of the court below is set aside, and appellee's motion to affirm on certificate is denied.

LOONEY, Justice (dissenting).

I dissented from the action of the majority, in setting aside the affirmance of this case on certificate and in denying the motion to affirm, for the following reasons: The record discloses that the judgment sought to be reviewed was rendered May 19, 1937, to which the defendant below, Yellow Cab Corporation of Dallas, excepted, gave notice of appeal, and, within 20 days after its motion for a new trial was overruled, filed a bond properly conditioned as an appeal bond, also superseding the judgment. This, in my opinion, perfected the appeal, and, as appellant failed to file a transcript of the record within the time prescribed, no reason appearing why the transcript was not filed, appellee was entitled to have the judgment affirmed on certificate as against appellant and the sureties on the bond.

The statute, in my opinion, furnishes two distinct, noncumulative proceedures, to be pursued in chronological order, for the review of a case: First, by giving notice of appeal in open court, followed by filing, within the 20-day period prescribed, the bond, conditioned as required by statute; and, second, if the case is not brought up by the first method, it may, by following the proceedure prescribed, be brought up by writ of error at any time within 6 months after final judgment; and, in such case, jurisdiction of the appellate court attaches on service of the citation in error, as held by the Supreme Court in Adams v. Bida, 125 Tex. 458, 84 S.W.2d 693.

The Yellow Cab Corporation having pursued the only method for review available at the time the bond in question was filed, it is my opinion that, as a matter of law, an appeal was perfected, notwithstanding certain recitals in the bond, to wit, that defendant "desires to sue out a writ of error," also designating the parties as "plaintiff in error" and "defendant in error." As notice of appeal was given, the filing of the bond within the 20-day period perfected the appeal, hence the statute wrote into the bond the correct designation of the parties, as "appellant" and "appellee," and this without regard to the language actually employed. Article 2252, R. S.1925.

The argument of the majority, to the effect that the bond cannot be so construed, because the obligors were bound for a certain undertaking, that is to say, the

suing out of a writ of error, and not for the prosecution of an appeal, in my opinion, is answered by the statutory requirement for identical provisions for the bond, whether a review is sought by direct appeal or by writ of error, therefore, in the nature of the case, the obligations assumed would not be more onerous in one instance than in the other.

But, if it be conceded that the two methods of review are cumulative—that is, that either may be pursued, at the choice of the party seeking review—which method was actually adopted in the instant case? Yellow Cab Corporation gave notice of appeal in open court, and, consistent with this action, within the 20-day period, filed a bond conditioned as prescribed by statute; thus leaving nothing undone to perfect an appeal. On the other hand, to bring a case up by writ of error, the statute requires the filing of a written petition with the clerk within 6 months after final judgment, articles 2255–2257, and "at the time" a writ of error bond shall be filed, etc., article 2258; thereupon the clerk shall issue citation in error, articles 2259, 2260, and service thereof perfected. Article 2261.

In the instant case, the petition required by statute was not filed, neither was citation issued, consequently none was served; the only thing that even staggers at suing out a writ of error is the language used in the bond, stating a desire to sue out a writ of error, and designating the parties as "plaintiff in error" and "defendant in error"; all of which, in my opinion, should be disregarded, as the law will give the bond the status of an appeal bond, in that it was filed after notice of appeal in open court and within 20 days after the motion for a new trial was overruled; and the statute, article 2252, will write into the bond the correct designation of the parties, as "appellant" and "appellee."

Reversing the case: If, instead of a motion to affirm on certificate, plaintiff below had filed a motion to dismiss the appeal, on the ground that, because of the language heretofore set out, the bond did not perfect an appeal, can it be doubted that, in view of article 2252, R.S., the correct designation of the parties would be imported into the bond, and that, under the facts stated, it would be held to have perfected the appeal? I think not.

I am of opinion that the action of the court first taken, affirming the judgment, was correct, and that the subsequent action of the majority, setting aside the action of the court and refusing to affirm on certificate, was erroneous.