## ARMSTRONG v. DALLAS RAILWAY & TERMINAL CO.

### No. 3693.

Court of Civil Appeals of Texas. Beaumont.

June 6, 1940.

S. L. Lewis, of Dallas, for plaintiff in error.

Burford, Ryburn, Hincks & Charlton and W. M. Taylor, Jr., all of Dallas, for defendant in error.

WALKER, Chief Justice.

Plaintiff in error's action was against defendant in error for damages for personal injuries, as a passenger on one of its street cars. Judgment was for defendant in error on the verdict of the jury finding that it was guilty of negligence in one of the respects charged by plaintiff in error—and only one—but that such negligence was not a proximate cause of her injuries; and also finding that plaintiff in error was guilty of negligence in one respect charged against her by defendant in error—and only one—but that her negligence was not a proximate cause of her injuries. It also found that plaintiff in error's injuries were not the result of "an unavoidable accident." Plaintiff in error duly prosecuted her appeal to the Dallas Court of Civil Appeals; the cause is on our docket by order of transfer by the Supreme Court.

The record is before us without a statement of facts on plaintiff in error's assignment of "conflict" between the findings on the issues of proximate cause and unavoidable accident.

The first point presented is defendant in error's motion to dismiss the appeal on the ground that it was not filed and prosecuted according to law. The facts on this proposition are as follows: Final judgment in the court below was rendered on the 25th day of March, 1939; plaintiff in error filed her petition for writ of error on the 12th day of September, 1939. Defendant in error concedes that the petition was filed within the six month period provided by Article 2255, R.C.S.1925, reading: "Writ of error, in cases where the same is allowed, may be sued out at any time within six months after the final judgment is rendered."

Plaintiff in error attempted to perfect her writ of error by filing her affidavit of inability to pay costs, in lieu of a writ of error bond, on the 29th day of December, 1939, more than nine months after the rendition of the final judgment. The affidavit should have been filed "at the time" the petition for the writ of error bond was filed, under the provisions of Article 2258, R.C.S.1925, reading: "Plaintiff at the time of filing such petition shall file · with the clerk a writ of error bond, or affidavit in lieu thereof, as provided by law."

There are expressions in Chopelas v. North River Ins. Co., Tex.Civ.App., 105 S.W.2d 693, with which we are in agreement, at least to the extent that the bond

on appeals must be filed within the six months, to the effect that the failure to file the "bond, or affidavit in lieu thereof" in the time provided by Article 2258 is jurisdictional. On this conclusion the appeal should be dismissed.

Appeal dismissed.