Jim SIMON et al., Petitioners,

v.

**L. D. BRINKMAN & COMPANY,**
Respondent.

No. B–2011.

Supreme Court of Texas.

Oct. 7, 1970.

Rehearing Denied Nov. 4, 1970.

Harvey L. Davis, Dallas, for petitioners.

Shank, Irwin, Conant & Williamson, Ray B. Williamson, Dallas, for respondent.

GREENHILL, Justice.

The narrow procedural question before us is whether there exists the bond, or its equivalent, necessary to give the Court of Civil Appeals jurisdiction of a writ of error. Following a judgment *nihil dicit,* the losers in the trial court made a substantial cash deposit with the clerk in lieu of an appeal and supersedeas bond. The complicated facts will be developed below; but in general, the losing parties, after having taken an *appeal,* elected to proceed in the

Court of Civil Appeals by *writ of error*, and to dismiss the appeal. No new cash deposit was made. The district clerk made a second certificate that a cash deposit had been made, and he has certified that the cash was still on hand and was sufficient for both the appeal and the writ of error; but there was not a second or separate deposit to cover the writ of error proceedings.

The Court of Civil Appeals at first took jurisdiction of the writ of error, reversed the judgment of the trial court, and remanded the case for a new trial. 449 S.W.2d 90. Upon rehearing, it determined that it had no jurisdiction of the writ of error because of a lack of a bond or deposit in lieu of a bond for the writ of error proceedings; and it accordingly dismissed the writ of error. 449 S.W.2d 93. We hold that the first opinion and judgment of the Court of Civil Appeals as to jurisdiction was correct, and that its action on rehearing was erroneous.

To place the legal question before us in context, the following is set out. It appears from the pleadings that Jamie's Restaurant in San Antonio entered into a contract with Quality Contractors, Inc. for some improvements. Jamie's Restaurant is owned by a partnership composed of Jim Simon and Dr. T. G. Hatfield who are the petitioners in this Court.

Quality Contractors apparently ordered some rugs and other merchandise from L. D. Brinkman & Co., the respondent here. The merchandise was sent by Brinkman from Dallas to San Antonio, and was installed in the restaurant. Brinkman was not paid, and brought this suit as one on a sworn account against Quality Contractors. Quality Contractors answered, among other things, that it had bought the merchandise for Simon and Hatfield (Jamie's Restaurant).

The plaintiff Brinkman then amended to bring in Simon and Hatfield as defendants. As to them, Brinkman attempted to allege a cause of action for unjust enrichment.

Simon and Hatfield answered that their contract had been solely with Quality Contractors; that they had already paid Quality Contractors for the rugs and other merchandise; that they had never entered into any contract with Brinkman; and that Quality Contractors was not their agent.

Meanwhile, Quality Contractors was adjudged bankrupt; and counsel for Simon and Hatfield assumed that the case against them and Quality Contractors would be passed to permit the intervention or the substitution of the receiver in bankruptcy. Accordingly, no one appeared for Simon and Hatfield at the time set for the trial. The case, however, was not passed. Instead, on the day that the case was set, it was called for trial, and the plaintiff Brinkman took a nonsuit as to the bankrupt, Quality Contractors. Since no one appeared for Simon and Hatfield, a judgment *nihil dicit* was taken by Brinkman against them.

The judgment was entered on March 28, 1969. On April 23, Simon and Hatfield filed a motion to set aside the judgment, alleging the above circumstances. The motion was overruled on April 30. On May 6, Simon and Hatfield filed their notice of appeal from the order overruling their motion to set aside the judgment of March 28.

The judgment was for $2,173.07 plus interest, $500 attorneys' fees, and court costs which were estimated by the clerk to be $161 for both the trial and the appeal. Simon and Hatfield, to perfect their appeal, put up with the district clerk a cash deposit of $2,987.49, in lieu of a supersedeas and appeal bond. A certificate was made by the clerk on May 28, 1969, to this deposit. This deposit on this date will be referred to several times herein.

Some time later, counsel for Simon and Hatfield determined that their *appeal* might not be good since they had not given notice of appeal within ten days of the entry of the *nihil dicit* judgment. They therefore determined to bring the case to

the Court of Civil Appeals by way of *writ of error*; and they received permission from the Court of Civil Appeals to use the same record.

On September 9, 1969, while the appeal was still pending in the Court of Civil Appeals, Simon and Hatfield filed their petition for writ of error in the Court of Civil Appeals. The *appeal* was dismissed on joint motion for the parties on October 9, and the $2,987.49 remained on deposit with the district clerk. And here is where the trouble begins. Rule 361[1] says that upon the filing of the writ of error, the appellant shall file an appeal bond, or affidavit in lieu thereof, as provided in the rules. On December 4, 1969, Brinkman filed a motion to dismiss the writ of error because of the failure by Simon and Hatfield to file a bond or affidavit for the writ of error as required by Rule 361. Rule 404 says that all motions relating to informalities in the manner of bringing a case into court shall be filed within 30 days after the filing of the transcript or be waived, if it can be waived by the party.

The district clerk, when the matter became critical on motion for rehearing in the Court of Civil Appeals, issued a certificate that "a second certificate of cash deposit in lieu of appeal bond was prepared by my office and filed on September 11, 1969." He further certified that as of the time of the motion for rehearing in the Court of Civil Appeals, "there is presently sufficient cash on deposit in the District Clerk's office to pay all costs arising out of the trial, the appeal and the writ of error." But he also certified that "no [new] appeal bond or affidavit or cash deposit in lieu thereof was filed or deposited" upon the filing of the writ of error; and that Simon and Hatfield had deposited with him "only one cash deposit, being the sum of $2,987.49 deposited on May 28, 1969."

The certificate of "cash deposit in lieu of appeal bond and supersedeas" which is

attached to the *writ of error* filed on September 9 is apparently a copy of the certificate issued for the *appeal* on May 28. It is this instrument or copy, therefore, which the district clerk refers to when he certified that he issued "a second certificate of cash deposit * * * on September 11, 1969."

Thereafter the Court of Civil Appeals heard the oral submission of the case on writ of error. Its opinion, on the original submission, overruled Brinkman's motion to dismiss because of the lack of a separate cash deposit or bond for the writ of error. That court then sustained the contentions of Simon and Hatfield as to the *nihil dicit* judgment and directed that the cause be remanded for a trial on its merit.

On rehearing, Brinkman filed another motion to dismiss, this time attaching the certification from the district court that only one cash deposit was made, and that on May 28. And, as stated, the Court of Civil Appeals reversed itself, holding that there must have been a separate cash deposit or appeal bond for the writ of error under Rule 361, and this was so notwithstanding the certificate of the clerk that he had issued a second certificate for the writ of error and had on deposit enough cash to cover all costs, both for the appeal and the writ of error.

The general approach of this Court to this type of case may be summarized by reference to four cases.

In Grogan Manufacturing Company v. Lane, 140 Tex. 507, 169 S.W.2d 141 (1943) we said: "If that which is filed is a bond, though a defective one, and appears to be an attempt to comply with the statute regulating writs of error, the jurisdiction necessarily attaches, because the court is empowered to entertain the case, and permit the party to comply with the law." (169 S.W.2d at 142)

---

1. All references to rules are to the Texas Rules of Civil Procedure which are an-    notated in Vernon's Annotated Rules of Civil Procedure.

It was held in Williams v. Wiley, 96 Tex. 148, 71 S.W. 12 (1902), upon discussion of old article 1840, R.S. 1925 (which is our present Rule 430) that:

"The bond shows on its face that it was filed as an attempt to comply with the statute in order to prosecute the writ of error, complies in most respects with the statute, and must be held sufficient, under the liberal provision quoted, to give jurisdiction to the court, and to entitle plaintiffs in error to file a new one. It may, indeed, be seriously doubted whether or not, with such a statute in force, it should longer be held that the jurisdiction of an appellate court at all depends on the giving of a bond." (71 S.W. at 14)

The bond in Hugo v. Seffel, 92 Tex. 414, 49 S.W. 369 (1899) was defective as to parties. This Court said, "We therefore conclude that, whether the appeal bond was good or not, the court of civil appeals had jurisdiction of the case, and properly refused to set aside its judgment of affirmance on certificate." (49 S.W. 370).

A motion to dismiss was filed in the Court of Civil Appeals for want of a bond in United Association of Journeymen, Etc. v. Borden, 160 Tex. 203, 328 S.W.2d 739 (1959). The bond was defective in at least two respects, and did not even show on its face that it was intended as an appeal bond. This Court held,

" * * * Rule 430, T.R.C.P., provides that when there is a defect of substance or form in any appeal bond, then on motion to dismiss for such defect, the appellate court may allow the same to be amended by filing a new bond. This authorizes the amendment of *any sort of*

*instrument which can be said to be a bond* and which was filed for the purpose of taking an appeal." 328 S.W.2d at 741. [Emphasis added in this opinion.]

■ This Court therefore, in the light of Rules 1, 404 and 430,[2] has long adopted a liberal construction of the rules to permit appellate review. Bay v. Mecom, 393 S.W.2d 819 (Tex.Sup.1965). The question is whether, in the language of United Association of Journeymen, Etc. v. Borden, supra, there is "any sort of [an] instrument which can be said to be a bond," or a substitute therefor [like cash] for the purposes of the writ of error. We think that there is. Attached to the writ of error was the certificate of the clerk of May 28 that there was on deposit a cash deposit for $2,987.49 in lieu of a supersedeas and *appeal* bond. He certified that he made a second certificate on September 11, 1969, which could only have been for the writ of error dated September 9, 1969. Granted that the certificate should have said that it was in lieu of a *writ of error* bond, this was a defect which could have been corrected. Moreover he certified that there was enough cash on deposit for both the appeal and the writ of error proceedings. Such certificates, at least for purposes of jurisdiction, are presumed to speak the truth.

■ There are cases dealing with *surety bonds* for appeal, as distinguished from a cash deposit, which have reached a different result. We regard such cases as distinguishable. A basis for such holdings is that if the surety binds himself for costs on one type of proceeding (such as an appeal), and that proceeding is ended, the surety may not be held liable for costs of

---

2. Rule 1: " * * * to obtain a just, fair, equitable and impartial adjudication of the rights of litigants * * * these rules shall be given a liberal construction."

Rule 404: "All motions relating to informalities in the manner of bringing a case into court [the Court of Civil Appeals] shall be filed * * * within thirty days after the filing of the tran-

script * * *, otherwise the objection shall be considered as waived, if it can be waived by the party."

Rule 430: "When there is a defect of substance or form in any appeal or writ of error bond, then, on motion to dismiss the same for such defect, the appellate court may allow the same to be amended by filing in such court a new bond, * *."

a different type of proceeding (as a writ of error). Thus it has been held that an appeal bond becomes *functus officio* when the particular purpose for which it was given was terminated in any manner. Stuart Independent School District v. Wilson Independent School District, 60 S.W. 2d 484 (Tex.Civ.App.1933, writ refused); Mowrey v. Fidelity & Deposit Co. of Maryland, 251 S.W. 252 (Tex.Civ.App.1923, no writ); Washita Ranger Oil Co. v. Disney, 264 S.W. 630 (Tex.Civ.App.1924, writ dismissed).

The basis of each of the above decisions is that the Court of Civil Appeals had no jurisdiction for want of a writ of error bond because a bond previously given for another purpose [appeal] was *functus officio*, and all obligation of the sureties had ceased. The appeal bonds, in those cases, were terminated and provided no security to cover costs of the writ of error.

When a cash deposit of sufficient amount is certified by the clerk, it does not become *functus officio* in the sense that it no longer is of force or authority. It continues to be of face value, and costs are still secured with the clerk as intended by the rules.

Moreover, it does not appear that in any of the cases cited just above and distinguished that there was a new or second certificate by the clerk for the purpose of the writ of error proceedings.

■ Here Brinkman was notified by the district clerk of the writ of error proceedings pursuant to Rule 362, and he had the opportunity to point out any defect in the bond or cash deposit in lieu thereof. In fact, under Rule 404 he is required to point out such defect of form or substance within thirty days after the filing of the transcript in the Court of Civil Appeals, or the defect is waived. The transcript here was filed on October 9, and Brinkman's motion to dismiss, which pointed out the defect, was not filed until December 4, some 56 days later. The defect, which we have held to have been subject to correction, was therefore waived.

■ This brings us to the disposition to be made of this case. This Court held in Bay v. Mecom, 393 S.W.2d 819 (1965), that when a Court of Civil Appeals has erroneously dismissed an appeal, this court can only affirm the judgment of dismissal or reverse the judgment and order the case reinstated on the docket of the Court of Civil Appeals for a determination of the merits of the appeal. 393 S.W.2d at 821. It is true that the Court of Civil Appeals did pass on the merits of the case in its first opinion; but such opinion was set aside when the writ of error was dismissed. That opinion probably forecasts what the Court of Civil Appeals will do upon remand to it. Nevertheless, in view of the holding of Bay v. Mecom, the judgment of the Court of Civil Appeals is reversed, and the cause is remanded to the Court of Civil Appeals with directions to reinstate the cause upon its docket.