**Percy Ray WHARTON, Appellant,**

v.

**Fred F. MORGAN et al., Appellees.**

Court of Civil Appeals of Texas, San Antonio.

Oct. 17, 1973.

**444**

Rein J. Vanderzee, Kerrville, for appellant.

A. W. Worthy, San Antonio, for appellees.

### ON APPLICATION TO FILE TRANSCRIPT.

PER CURIAM.

On October 8, 1973, a transcript was tendered to our Clerk; and on October 9, 1973, a supplemental transcript was tendered in appellant's attempted appeal from a permanent injunction signed on June 22, 1973. Our Clerk has referred to us the question of whether an appeal bond was timely filed. Rule 356, Texas Rules of Civil Procedure, requires such bond to be filed within thirty days after the rendition of judgment or order overruling motion for new trial, and it is well settled that such requirement is mandatory and jurisdictional. Roth v. Maryland American General Insurance Co., 454 S.W.2d 779 (Tex.Civ.App.—San Antonio 1970, writ ref'd).

On June 26, 1973, appellant filed a motion for new trial. This motion was not heard nor postponed and, therefore, was overruled by operation of law forty-five days thereafter, to-wit, on August 10, 1973. Rule 329b(4), T.R.C.P. On October 3, 1973, appellant's attorney, by letter to the District Clerk, requested a transcript of the proceedings, including: "5. The Bond on Appeal." Appellant's attorney apparently had reference to a bond which had been filed on May 18, 1973, in connection with an abandoned appeal from the granting of a temporary restraining order in this cause. However, a new appeal bond was filed by appellant on October 5, 1973, undoubtedly at the request of the District Clerk. This bond was not timely filed; and, therefore, our jurisdiction must be determined by the validity of the May 18 bond.

The May 18 bond is in the amount of $500, which is the same amount approved by the District Clerk on October 5, and is executed by appellant as principal, and by two individuals as sureties. This bond specifically refers to a temporary restraining order granted on April 20, 1973, and states that appellant had filed a motion to dissolve said restraining order. The bond then states: "At a preliminary hearing held April 30, 1973, said motion was overruled by the Court and *it is from this ruling* that the Defendant, Appellant herein, brings this appeal to the Court of Civil Appeals for the Fourth Supreme Judicial

District sitting in San Antonio, Texas." (Emphasis ours).

In Simon v. L. D. Brinkman & Company, 459 S.W.2d 190 (1970), the Supreme Court considered a somewhat related problem. It was there held that a cash deposit made in connection with an abortive attempt to perfect a direct appeal was a valid cash deposit in lieu of an appeal bond to perfect appeal by writ of error. Nevertheless, the Supreme Court expressly recognized a distinction between a *surety bond* and a *cash deposit* and cited with apparent approval prior cases which hold that a surety bond becomes *functus officio* when the particular purpose for which it was given is terminated in any manner. See Stuart Independent School District v. Wilson Independent School District, 60 S. W.2d 484 (Tex.Civ.App.—San Antonio 1933, writ ref'd); Washita Ranger Oil Company v. Disney, 264 S.W. 630 (Tex. Civ.App.—Fort Worth 1924, writ dism'd); Mowrey v. Fidelity & Deposit Company of Maryland, 251 S.W. 252 (Tex.Civ.App.— Galveston 1923, no writ).

■ Here the surety bond of May 18, 1973, was filed for the express purpose of appealing from an order refusing to dissolve a temporary restraining order.[1] No attempt was made by appellant to refile same after the final judgment was entered on June 22, 1973, nor after the motion for new trial was overruled by operation of law.[2] Under the above cited authorities, this surety bond had become *functus officio* and did not timely perfect appellant's appeal from the overruling of his motion for new trial.

Our Clerk is without authority to file the transcript, since there is no valid appeal bond in the record. The record will be retained for a period of fifteen days, and appellant is granted leave to file a motion for rehearing from our refusal to file said record.

---

1. The temporary restraining order expired by its own terms on the same day the motion to dissolve was heard and overruled.

2. In Simon v. Brinkman, supra, the clerk made a second certificate in connection with the filing of the writ of error.