Paul RAGSDALE, Appellant,

v.

The PROGRESSIVE VOTERS LEAGUE, et al., Appellees.

No. 05–87–00026–CV.

Court of Appeals of Texas, Dallas.

April 30, 1987.

Jerry L. Hughes, John E. Collins, Dallas, for appellant.

Donald W. Hicks, Sr., Dallas, for appellees.

Before ENOCH, C.J., and ROWE and HECHT, JJ.

ENOCH, Chief Justice.

On its own motion, this Court questioned whether it had jurisdiction over this appeal

because of a problem with the filing of the cost bond. For the reasons given below, we conclude that this appeal has been properly perfected by a timely bond and, accordingly, this Court has jurisdiction.

Paul Ragsdale sued the Progressive Voters League, John Wiley Price, and a number of others (collectively, "Price"), alleging that they had committed certain violations of the Texas Election Code. Ragsdale sought monetary damages as well as an injunction to prohibit future violations.

The relevant events occurred as follows:

May 2, 1986—Hearing on matter held by trial court.

May 9, 1986—Order signed by trial court granting permanent injunctive relief against Price. (This order made no mention of damages, however, nor did it deny all relief not specifically granted.)

August 7, 1986—Ragsdale filed an appeal bond (the "first appeal" cause number 05–86–00833–CV) to challenge the May 9th order within the time prescribed by Tex.R.App.P. 41. (Ragsdale filed the appeal bond under the old Tex.R.Civ.P. before Tex.R.App.P. went into effect on Sept. 1, 1986; however, there were no substantive changes in the filing requirements under the new law.)

Sept. 23, 1986—Appeal dismissed for want of jurisdiction. Since the May 9 order did not mention Ragsdale's claim for damages and since in his motion for new trial he "reserved [his] right to prove damages ... at a later date," we could not determine whether the May 9 order was a final, appealable order, or merely an interlocutory order from which appeal would be premature. Accordingly, we requested that Ragsdale provide us with an order from the trial court expressly disposing of all the issues, including the damages claim. He failed to do this.

Oct. 3, 1986—Judgment Nunc Pro Tunc signed by trial court reciting that Ragsdale's claim for damages was denied at the May 2 hearing.

Ragsdale then filed a supplemental transcript containing the October 3 judgment nunc pro tunc.

Jan. 9, 1987—Motion filed by Ragsdale to apply appeal bond from first appeal to present proceeding in which he complains about October 3 Judgment Nunc Pro Tunc.

This motion was filed within the period permitted by rule 41(a)(2) of the Texas Rules of Appellate Procedure for filing a motion to extend the time for filing the cost bond.

A new cost bond was never filed by Ragsdale.

The narrow issue before us is whether the cost bond filed in the premature appeal can be applied to this appeal and thereby invoke the jurisdiction of this Court. We hold that it may be so applied, notwithstanding the dismissal of the first appeal and the previous judgment on the bond.

Rule 58(a) of the Texas Rules of Appellate Procedure provides:

Proceedings relating to an appeal need not be considered ineffective because of prematurity if a subsequent appealable order has been signed to which the premature proceeding may properly be applied.

In *Stone v. Enstam*, 541 S.W.2d 473, 477 (Tex.Civ.App.—Dallas 1976, no writ), this Court held that rules are to be given a liberal construction; denying a party an appeal on the merits is a harsh result to be avoided if at all possible. Therefore, since Ragsdale filed his bond in an appeal that was aborted only because of its prematurity, the application of rule 58(a) mandates that the bond is not ineffective for this appeal.

Recent case law also supports this conclusion. The Texas Supreme Court and courts of appeals have held that a prematurely filed bond can be applied to a subsequent final judgment if only *one* appeal is involved. *Yoast v. Yoast*, 649 S.W.2d 289, 291 (Tex.1983); *Pruet v. Coastal States Trading, Inc.*, 715 S.W.2d 702, 706 (Tex. App.—Houston [1st Dist.] 1986, no writ). We see no reason to reach a different result when a bond is prematurely filed in an aborted appeal from an interlocutory non-appealable judgment and conclude that the

bond may be applied to a subsequent appeal from such judgment when it has been modified or corrected to be made final and appealable.

We are aware of older authority holding that a cost bond filed in one proceeding cannot be applied to a subsequent proceeding. *Stuart I.S.D. v. Wilson I.S.D.*, 60 S.W.2d 484 *passim* (Tex.Civ.App.—San Antonio 1933, writ ref'd). The rationale is explained as follows:

> [I]f the surety binds himself for costs on one type of proceeding (such as an appeal), and that proceeding is ended, the surety may not be held liable for costs of a different type of proceeding (such as a writ of error).

*Simon v. L.D. Brinkman & Co.*, 459 S.W.2d 190, 193–94 (Tex.1970).

In the *Simon* case, however, the court did permit a *cash deposit* in lieu of cost bond to be applied to a subsequent proceeding. *Id.* at 193. The rationale was that a sufficient balance of the cash deposit remained to ensure payment of costs of the later proceeding. *Id.* at 194.

Thus, even under the old case law, a cash deposit was applicable to a subsequent proceeding. The only distinction between a bond and a cash deposit is that, in the case of a bond, the surety's undertaking ensures the payment of costs, while in the case of a cash deposit, the cash balance itself ensures the payment of costs. In this case, we see no reason to make a distinction between the cash deposit and the surety bond.

The obligations of a surety under a bond are defined, not by the cause number in the appellate court, but by the judgment from which appeal is sought. Furthermore, the obligation of a surety on a statutory bond is defined not only by the language of the bond itself, but also by the applicable law governing the bond. *See Howze v. Surety Corp. of America*, 584 S.W.2d 263, 266 (Tex.1979). A surety who undertakes a bond, therefore, has his obligation defined, in part, by rule 58. We conclude that rule 58 supersedes the older case authority discussed in *Simon, supra*, to the extent that those cases suggest that a bond filed as part of a premature appeal under one appellate cause number cannot be applied to the subsequent timely appeal under a second assigned appellate cause number.

When a surety becomes obligated for costs of an appeal that is later dismissed as premature, the surety is also obligated to pay the costs of a later appeal from a judgment correcting or making final the judgment giving rise to the aborted appeal. The amount of the liability undertaken by the sureties in this case might be affected by whatever the sureties have paid for costs of the premature appeal, but the balance of the $1,000 amount of the bond remains the measure of their obligations under the bond as it applies to this appeal. If any party or interested officer of the court felt that that balance was no longer sufficient to ensure payment of the costs of the timely appeal, the remedy was to move to increase the amount of the cost bond, pursuant to rule 46(c) of the Texas Rules of Appellate Procedure.

We hold, therefore, that the cost bond that Ragsdale filed in the premature appeal may be applied, pursuant to rule 58 of the Texas Rules of Appellate Procedure, to this appeal.

Ragsdale's motion to apply the bond in cause number 05–86–00833–CV (the attempted appeal) to cause number 05–87–00026–CV (this appeal), pursuant to rule 58 of the Texas Rules of Appellate Procedure, is granted.