MARTIN v. RUTHERFORD et al.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 21, 1912.)

1. APPEAL AND ERROR (§ 644*) — GROUNDS FOR DISMISSAL—WAIVER OF DEFECTS.

Under the express provision of rule 8 (142 S. W. xi), an objection that the statement of facts is incorporated into the transcript contrary to the rules is waived by failing to file a motion to dismiss (if that be a ground for dismissing an appeal) within 30

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

days after the transcript was filed in this court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2795-2798; Dec. Dig. § 644.*]

2. APPEAL AND ERROR (§ 417*)—NOTICE OF APPEAL—SUFFICIENCY.

Under Rev. Civ. St. 1911, art. 2084, which provides that an appeal is taken by giving notice of appeal in open court, it is not required that such notice specify the court to which the appeal is taken, and notice of an appeal designating an appellate court in a judicial district other than that in which the appeal lies is surplusage not affecting the notice.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2140-2143; Dec. Dig. § 417.*]

3. VENDOR AND PURCHASER (§ 197*)—RIGHTS AS BETWEEN PARTIES—INCUMBRANCES.

A purchaser of incumbered land is not liable to the owner of such debt, in the absence of expressed or implied agreement to pay it.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 407; Dec. Dig. § 197.*]

4. DEEDS (§ 93*)—CONSTRUCTION—INTENTION OF PARTIES.

The entire deed should be read in such a way as to harmonize all its parts, if possible, and to give it that interpretation most nearly in keeping with the real intention of the parties.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 231, 232; Dec. Dig. § 93.*]

5. VENDOR AND PURCHASER (§ 265*)—VENDOR'S LIEN—ASSUMPTION OF NOTES.

A purchaser under a deed reciting a cash consideration and further consideration of his assumption of certain described notes, and which contained a proviso that, should the land not sell for enough to satisfy such indebtedness upon sale under foreclosure of the vendor's lien, no personal judgment should be rendered against the purchaser for any unpaid balance, did not undertake to become personally liable on the notes for any balance remaining after foreclosure and sale of the land securing them.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 492, 700-712; Dec. Dig. § 265.*]

6. DEEDS (§ 97*)—CONSTRUCTION—PROVISO.

A clause will not be given effect so repugnant to a deed as to destroy it.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 267-273, 434-447; Dec. Dig. § 97.*]

Error to District Court, Comanche County; J. H. Arnold, Judge.

Action by T. M. Rutherford against J. E. Miller, Leonie Miller, J. W. Cunningham, A. K. Steed, and Henry Martin, in which Higginbotham Bros. & Co. intervened. Judgment for plaintiff and defendants Cunningham and Steed against J. E. Miller, Leonie Miller, and Henry Martin for foreclosure with a deficiency judgment, and Henry Martin brings error. Reversed and rendered for defendant Miller as to the deficiency judgment.

E. B. Anderson, of Goldthwaite, for plaintiff in error. Smith & Palmer, Goodson & Goodson, and W. T. McPherson, all of Comanche, for defendants in error.

SPEER, J. This is an action brought by T. M. Rutherford against J. E. Miller, Leonie Miller, J. W. Cunningham, A. K. Steed, and Henry Martin, in which it is alleged that on July 9, 1910, J. E. Miller and Leonie Miller executed and delivered certain vendor's lien notes in part payment for the purchase money of a tract of land in Comanche county, and that the defendant Henry Martin in a conveyance to him of said land afterward assumed the payment of said notes. The plaintiff alleged that he was the owner of one of these notes, and that the defendants Cunningham and Steed owned the others. Higginbotham Bros. & Co. intervened, and alleged some interest in note No. 3. All parties appeared and answered, and the defendant Martin answered specially that he was not personally liable for the payment of said notes by the terms of the conveyance through which he took the land, and that no personal judgment should be rendered against him thereon. There was a judgment in favor of the respective owners of the notes, not only for a recovery against the makers together with a foreclosure, but with a personal judgment over against Martin as well. The defendant Martin alone prosecutes this writ of error.

[1, 2] Defendants in error have moved to dismiss the appeal, because, first, the notice of appeal given was to the Court of Civil Appeals for the Third Supreme Judicial District of Texas, whereas the appeal properly lay to the Second district; and, second, because the statement of facts is incorporated into the transcript contrary to the rules. The last objection is clearly waived under rule 8 (142 S. W. xi), because the motion to dismiss (if that were a ground for dismissing an appeal at all) was not filed within 30 days after the transcript was filed in this court. As to the first ground, we think the motion is without merit since the statute (Revised Statutes 1911, art. 2084) provides that an appeal is taken by "giving notice of appeal in open court," and it is not required that such notice specify the court to which the appeal is taken. This follows as matter of law. An appeal in a civil case from the district court of Comanche county could only lie to the Court of Civil Appeals for the Second Supreme Judicial District, and any designation of the appellate court in the appellant's notice would be surplusage. The supersedeas bond filed herein purports to copy the judgment sought to be appealed from, and correctly names this court as the appellate court. The motion to dismiss will be overruled.

We find it unnecessary to notice more than one contention urged by the plaintiff in error, and that is that, under the undisputed evidence, no other judgment than one in his favor as to the balance after a sale of the land upon foreclosure of the lien could properly have been rendered.

[3] It is quite well settled that a purchaser of land against which an incumbrance exists

is not liable to the owner of such debt, in the absence of an agreement expressed or implied to pay it. In the present case plaintiff in error's liability is alleged to grow out of the terms of the following deed: "State of Texas, County of Mills. Know all men by these presents: That I, J. L. Flannigan, of the county of Mills, in the state aforesaid, for and in consideration of the sum of fourteen hundred dollars ($1,400.00) cash to me in hand paid by Henry Martin, the receipt of which is hereby acknowledged, and the further consideration of the assumption of $695.00 evidenced by one note for $125.00 due 7/10/1911; one for $150.00 due 7/10/1912; one for $150.-00 due 7/10/1913; executed by Leonie Miller, payable to T. M. Rutherford described in deed recorded in vol. 82, p. 637, and one note for $100.00 due 7/10/1914 and one for $100.00 due 7/10/1915, executed by J. T. Harvey and payable to Leonie Miller and described in deed recorded in vol. 82, p. 638 of the Deed Records of Comanche County, Texas, and one note for $70.00, due November 1st 1911, have granted, sold and conveyed and by these presents do grant, sell and convey unto the said J. T. Flanningan (Henry Martin) of the county of Mills and state of Texas, all that certain lot, tract or parcel of land lying and being situated in Comanche county, Texas, and known and described as follows, to wit, being all of lot #3, Three, in block B of Fairland addition to the city of Comanche as per map of record in Comanche County Records (it is expressly agreed and understood that should the land herein conveyed not sell for enough to satisfy the above-mentioned indebtedness upon sale under foreclosure of the vendor's lien, no personal judgment shall be rendered against the said Henry Martin for any balance remaining unpaid). To have and to hold," etc. It is clear that the plaintiff would be liable personally for any balance of the debt that remained after the foreclosure sale of the land were it not for the proviso last above quoted. Just what effect that should have upon his liability is the question to be decided in this case. It is the contention of defendants in error that this clause is in hopeless conflict with the preceding one wherein plaintiff in error assumed the payment of the notes, and that, therefore, it should be ignored altogether.

[4] On the other hand, plaintiff in error contends that the entire instrument should be read in such a way as to harmonize all its parts, if possible, and to give to the instrument that interpretation most nearly in keeping with the real intention of the parties. This undoubtedly is a correct rule of construction. Moore v. Waco, 85 Tex. 206, 20 S. W. 61.

[5] Applying this rule, we think it quite clear that plaintiff in error did not undertake personally to become liable on the notes in controversy for any balance that might re-

main after a foreclosure and sale of the lands securing them. The first clause of the deed standing alone would mean as much, but, when read in connection with the last, it is perfectly plain that the parties had no such intention. It is expressly stipulated to the contrary. This is not a case where the entire instrument is defeated by giving effect to a proviso which would not be permitted, but the construction we have here indicated in no manner destroys the instrument, but merely qualifies the assumption of the lien indebtedness by the grantee in the deed.

[6] The case is not ruled, therefore, by the line of decisions holding that effect will not be given to a clause which is so repugnant to the instrument as to destroy it. That rule is well founded in reason, and is simply another way of stating that in all cases the real intention of the parties to be gathered from the instrument should prevail.

Upon the undisputed evidence, we reverse the judgment of the district court, and here render judgment in favor of plaintiff in error against all parties as to the deficiency judgment holding him personally liable on the notes. In other respects the judgment is not disturbed.

Reversed and rendered for plaintiff in error.