**BORDER STATE LIFE INS. CO. v. NOBLE.**

No. 10686.

Court of Civil Appeals of Texas. San Antonio.

May 31, 1939.

Cofer & Cofer, of Austin, and Petsch & Usener, of Fredericksburg, for appellant.

Alex Jung, of Fredericksburg, for appellee.

SMITH, Chief Justice.

Appellee has filed motion to dismiss the appeal, or, in the alternative, to correct recitals in the transcript of the record. The motion must be denied in both respects.

■ It appears from the motion, or at least we will assume therefrom for the purposes of this inquiry, that when judgment was rendered below appellant's counsel gave timely notice of appeal, but in the notice designated the "Court of Civil Appeals of the Third District at Austin" as the court to which the appeal was returnable. We assume, further, for present purposes, that the decree as originally drawn and approved below recited the notice in the form first given, but later, under the direction of the trial judge, the decree was corrected so as to name this Court as the forum of the appeal. This motion includes a prayer that the decree be restored to the original form.

■ Appellee's motion to dismiss is based upon the contention that since the notice of appeal designated the Austin Court instead of this Court as the depository of the appeal, the notice · was void and could confer no potential jurisdiction upon this Court. The contention is without merit.

The statute provides that appeal may be taken by the simple and single process of giving timely notice thereof "in open court." Art. 2253, R.S.1925, as amended by Act of 1927, 40th Leg. p. 21, Ch. 15, § 1, Vernon's Ann.Civ.St. art. 2253.

The statute also provides that appeal in a case of this nature from the District Court of Gillespie County is returnable only to this Court, wherefore, the designation of a different Court of Civil Appeals in the notice of appeal would be mere surplusage and without effect upon the validity of the notice. 3 Tex.Jur. p. 289, § 193; Martin v. Rutherford, Tex.Civ.App., 153 S.W. 156; Slaughter v. Slaughter, Tex.Civ.App., 276 S.W. 724.

■ As to that phase of the motion asking for a correction of the decree, the questioned recital is immaterial as not affecting the jurisdiction of this Court over the appeal; and, moreover, could be corrected by the trial court, only, and not by this Court.

Motion to dismiss appeal and to correct transcript is overruled.