TEXAS STATE BOARD OF PHARMACY
et al., Appellants,

v.

GIBSON'S DISCOUNT CENTER, INC.,
et al., Appellees.

No. 12330.

Court of Civil Appeals of Texas,
Austin.

Nov. 19, 1975.

Rehearing Denied Dec. 10, 1975.

State Board of Pharmacy, C. Dean Davis, and Joseph H. Arnette, from enforcing Tex. Rev.Civ.Stat.Ann. art. 4542a, § 20A, subdivisions II(a) and II(d) (1973). Appellees are Gibson's Discount Center, Inc., Gibson Products Company, Inc., Gibson's Discount Pharmacy, Inc. of Sulphur Springs, H. R. Gibson, Sr., Sage International, Inc., Sage Drugs, Inc., Gulf Enterprises, Inc., Sage, Inc. of Austin, and Gulf Austin Enterprises, Inc., doing business as Sage Austin Drug Department.

The appellees filed their suit as a declaratory judgment action seeking a declaration that Art. 4542a, § 20A subdivisions II(a) and II(d) were in violation of Tex.Const. art. III, § 35 and Tex.Const. art. I, § 19. Appellees also sought ancillary relief by way of a temporary restraining order, temporary injunction, and permanent injunction.

Upon trial before the court, judgment was entered on March 16, 1975, declaring that the caption to House Bill 750 (Acts 1973, 63rd Leg., Ch. 431, p. 1178) [Tex.Rev. Civ.Stat.Ann. art. 4542a, § 20A] failed to give notice of various provisions in the body of the bill prohibiting and restricting the advertising of prescription drugs all in violation of Tex.Const. art. III, § 35; and that the prohibitions and restrictions in § 20A subdivisions II(a) and II(d) on the advertising of prescription drugs were not justified as a proper use of the police power of the State, and that the said prohibitions and restrictions deprived appellees of property "without due course of the law of the land" in violation of Tex.Const. art. I, § 19.

Eight days after the judgment was signed, appellants filed with the district clerk their notice of appeal stating that they ". . . hereby give Notice of Appeal from the amended judgment entered in this cause on March 10, 1975, *to the Supreme Court of the State of Texas.*" (Emphasis added)

Sixty days after the entry of the judgment appellants filed the record, not with the Clerk of the Supreme Court of Texas,

John L. Hill, Atty. Gen. of Texas, John C. Madison, III, Asst. Atty. Gen., for appellants.

Bardwell D. Odum, Dallas, for Gibson's Discount Center, Inc., and others.

Mary Joe Carroll, Clark, Thomas, Winters & Shapiro, Austin, for Sage International, Inc.

SHANNON, Justice.

This is an appeal from a permanent injunction entered by the district court of Travis County enjoining appellants, Texas

but instead with the Clerk of this Court. Appellees filed motions to dismiss for want of jurisdiction. Thereafter, this Court overruled appellees' motions to dismiss for want of jurisdiction. On the same date, this Court instructed the Clerk to inform all counsel that the Court desired argument on the motions at the time the case was submitted and argued on the merits.

After argument and upon reconsideration, we have concluded that the motions to dismiss for want of jurisdiction were improvidently overruled. We will set aside the order overruling the motions to dismiss for want of jurisdiction, and we will grant the motions and dismiss the appeal.

Appellants argue, in effect, that from the time of the filing of the notice of appeal with the district clerk, they could have filed the record with either the Clerk of the Supreme Court of Texas or with the Clerk of this Court. According to their response to the motions to dismiss and supporting affidavit, appellants had intended to pursue a direct appeal to the Supreme Court of Texas until their counsel realized that fact issues in the cause might preclude a direct appeal. It was at the time of that realization that appellants decided to file the record with the Clerk of this Court.

 Texas R.Civ.P. 363 provides that an appeal is perfected ". . . when the notice of appeal is given and the bond or affidavit in lieu thereof has been filed. . . ." When an appeal is perfected to the Court of Civil Appeals, that Court, subject to the right of the trial court to grant a motion for new trial in term time and absent statutory exception, acquires plenary exclusive jurisdiction over the entire controversy. *Ammex Warehouse Company v. Archer,* 381 S.W.2d 478 (Tex.1964). Likewise, it follows that when an appeal is perfected to the Supreme Court of Texas, by virtue of Tex.R.Civ.P. 499a, the Supreme Court, subject to the right of the trial court to grant a motion for new trial in term time and absent statutory exception, acquires plenary exclusive jurisdiction over the entire controversy.

A direct appeal to the Supreme Court of Texas is in lieu of an appeal to the Court of Civil Appeals. Tex.R.Civ.P. 499a(c).

Upon entry of judgment, appellants determined to perfect a direct appeal to the Supreme Court of Texas. Tex.R. Civ.P. 499a. Appellants filed their notice of appeal to the Supreme Court of Texas on March 18, 1975. Because appellants were not required to file an appeal bond, appellants' appeal was perfected to the Supreme Court of Texas on March 18, 1975, when appellants filed the notice of appeal. Tex. R.Civ.P. 363. Two parallel appeals cannot proceed simultaneously from the district court to the Supreme Court of Texas and to the Court of Civil Appeals, since a direct appeal to the Supreme Court of Texas is in lieu of an appeal to the Court of Civil Appeals. Tex.R.Civ.P. 499a(c).

The appeal is dismissed.