**TEXAS STATE BOARD OF PHARMACY
et al., Petitioners,**

v.

**GIBSON'S DISCOUNT CENTERS, INC.,
et al., Respondents.**

No. B–5745.

Supreme Court of Texas.

June 23, 1976.

John L. Hill, Atty. Gen., David M. Kendall and Robert Gauss, Asst. Attys. Gen., Austin, for petitioners.

Clark, Thomas, Winters & Shapiro, Mary Joe Carroll, Austin, Bardwell D. Odum, Robert E. Rader, Jr., Dallas, for respondents.

REAVLEY, Justice.

The narrow question here is the jurisdiction of the Court of Civil Appeals as a consequence of the appellants indicating by their notice of appeal in the trial court that they would appeal to the Texas Supreme Court. The Court of Civil Appeals has dismissed the appeal for want of jurisdiction. 530 S.W.2d 332. We remand the cause to that Court for a determination of the merits of the appeal.

The judgment of the trial court enjoined Texas State Board of Pharmacy and other defendants from enforcing Tex.Rev.Civ. Stat.Ann. art. 4542a § 20A, subdivisions II(a) and II(d) (1973), related to advertising prescription drug prices. The defendants then filed with the district clerk a notice of appeal, which identified the cause and court and stated that the defendants " . . . hereby give their Notice of Appeal from the amended Judgment entered in this cause on March 10, 1975, to the Supreme Court of the State of Texas." On the same date and at the same moment the defendants also filed with the district clerk their request for findings of fact and conclusions of law, stating that same should "be filed with the Clerk of the Court as a part of the record herein within thirty (30) days before the time of filing of the transcript of this cause with the Court of Civil Appeals. . . . "

Defendants took no further action to complete a direct appeal to the Supreme Court. They did file the record, sixty days after judgment, with the Clerk of the Court of Civil Appeals. That Court regarded the notice of appeal as having perfected an appeal to some court; and, since one appellate court must enjoy exclusive jurisdiction, it would have to be the one named in the notice of appeal: the Supreme Court.

The rules do not require the notice of appeal to identify the court to which the appeal is to be taken. Rule 353, Tex.R. Civ.P., as it stood prior to January 1, 1976,

required only that the notice of appeal "state the number and style of the case, the court in which pending, and that appellant desires to appeal from the judgment or from some designated portion thereof." Under the rules as amended on January 1, 1976, only the appellant who is not required to give a bond for costs on appeal is required to give notice of appeal; and under Rule 354(c) the contents of the notice are precisely what was formerly required by Rule 353 and quoted above.

The designation of an incorrect court of civil appeals in the notice of appeal has been held to be immaterial and a matter of surplusage, having no effect upon the validity of the notice. *Border State Life Ins. Co. v. Noble,* 129 S.W.2d 321 (Tex.Civ.App.1939, no writ); *Martin v. Rutherford,* 153 S.W. 156 (Tex.Civ.App.1912, no writ).

The argument in the present case is that an appeal could have been taken to either of two appellate courts and that some appellate court must hold exclusive jurisdiction as of the time when the appeal is perfected. If the concurrent jurisdiction of two courts poses a problem, it has not been the scope of the notice of appeal to deal with that matter. Nor would the holding of the Court of Civil Appeals solve the problem. The State Board of Pharmacy could just as well have named no appellate court in its notice of appeal. Its option would have remained open and the same question of concurrent jurisdiction would have existed. Those parties required to post bond for costs need give no notice of appeal under present rules. If Rule 499a permits them to take a direct appeal to the Supreme Court, until the record is filed their option is always open. We find no rule of procedure or precedent compelling us to hold that the addition in the notice of appeal of the name of the appellate court will confine the appeal to that court. Therefore we will not deprive these appellants of their right to appeal by pronouncing such a rule.

Under the authority of *Simon v. Brinkman & Co.,* 459 S.W.2d 190 (Tex.1970) and *Bay v. Mecom,* 393 S.W.2d 819 (Tex.1965),

we may not now adjudicate the merits of the appeal. Accordingly, we reverse the judgment of the Court of Civil Appeals and order the cause reinstated on the docket of that court for a determination of the merits of the appeal.