**AMERICAN INDEMNITY COMPANY, Appellant,**

v.

**Nellie JENKINS et al., Appellees.**

**No. 16905.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 2, 1977.

**220**

Fulbright & Jaworski, William W. Vernon, Houston, for appellant.

Kenneth N. Knox, Houston, for appellees.

EVANS, Justice.

The appellant has moved to consolidate its appeal with its subsequently filed petition for writ of error.

A litigant may pursue both an appeal and a writ of error, providing that there is compliance with statutory requirements. *Reef v. Hamblen,* 47 S.W.2d 375, 378 (Tex.Civ.App.—Dallas 1932, writ ref'd); *Western Union Telegraph Co. v. White,* 143 S.W. 958 (Tex.Civ.App.—Amarillo 1912, no writ). However, the court of civil appeals does not have jurisdiction to consider the writ of error after the appeal has been determined on its merits. *Peter Co. v. Green,* 42 S.W.2d 1055 (Tex.Civ.App.—Austin 1931, writ ref'd).

A determination of the appeal in the case at bar would terminate this court's jurisdiction to hear the appellant's writ of error. On the other hand if the appellant should abandon its appeal, it would not be precluded from prosecuting its writ of error, provided no prejudice to the appellee results. *Scottish Union & National Insurance Co. v. Clancey,* 91 Tex. 467, 44 S.W. 482, 484 (1898).

There is authority indicating consolidation to be appropriate under circumstances similar to the situation in the case at bar. *Nixon v. New York Life Ins. Co.,* 100 Tex. 250, 99 S.W. 403 (1906). However, at the time *Nixon* was decided, a writ of error proceeding was not restricted to parties who had not participated in the actual trial. Under the present statute, only those persons who did not participate in the actual trial are entitled to review by writ of error. Art. 2249a, Tex.Rev.Civ.Stat.Ann. Thus, until the writ of error is considered on its merits the appellate court's jurisdiction over the proceedings is not established.

A consolidation of the appeal with the writ of error proceedings in the case at bar would create potential problems of jurisdiction which outweigh the convenience of handling the two proceedings as a single cause. The appellant's motion for consolidation is refused.