**Vernon R. YOUNG, Jr., Individually and as Trustee et al., Appellant,**

**v.**

**Richard M. DeGUERIN et ux., Appellees.**

**No. 17436.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 19, 1979.

Morris & Campbell, Rhett G. Campbell, Preston L. Dodson, Houston, for appellant.

Eikenburg & Stiles, John J. Eikenburg, Houston, for appellees.

Before WARREN, EVANS and WALLACE, JJ.

WARREN, Justice.

On the 11th day of January 1979, a judgment in this cause was rendered by the 234th Judicial District Court of Harris County, Texas. On the 9th day of February 1979 at 10:29 A.M., DeGuerin filed an appeal bond designating the Fourteenth Court of Civil Appeals as the appellate forum. Approximately one hour later, Young filed a certificate of cash deposit but did not designate the appellate forum. On the 8th day of March 1979, Young filed a transcript with the clerk of the First Court of Civil Appeals. The next day DeGuerin filed a transcript with the clerk of the Fourteenth Court of Civil Appeals. Neither party has limited appeal pursuant to Tex.R. Civ.P. 353.

Young filed a motion for an extension of time in which to file the statement of facts in the First Court of Civil Appeals. DeGuerin filed a motion in opposition alleging that the prior filing of his appeal bond, which designated the Fourteenth Court as the appellate forum, conferred jurisdiction on that court. Young contends that since the transcript was filed and the cause docketed in the First Court of Civil Appeals on the morning of March 9, 1979, and whereas, the transcript was not filed and the cause docketed in the Fourteenth Court of Civil Appeals until the afternoon of March 9, 1979, that his prior filing of the transcript conferred jurisdiction on the First Court of Civil Appeals.

Thereafter Young filed a motion in the Fourteenth Court requesting a transfer of the cause pending in the Fourteenth Court to the First Court and DeGuerin filed a motion in the Supreme Court of Texas to transfer the cause pending in the First Court to the Fourteenth Court.

The First and Fourteenth Courts of Civil Appeals are courts of concurrent jurisdiction. Texas Const. art. V, § 6; Tex.Rev. Civ.Stat.Ann. art. 198 (Vernon).

The issue presented is whether the perfection of the appeal or the filing of the transcript confers exclusive plenary jurisdiction. Tex.R.Civ.P. 363 provides, in relevant part, that an appeal is perfected when the appeal bond is filed. The filing of the bond divests the trial court of jurisdiction, except in limited instances, and vests the appellate court with limited powers. *Ammex Warehouse Company, Inc. v. Archer*, 381 S.W.2d 478, 482 (Tex.1964).

The filing of the transcript confers power upon the appellate tribunal to review

the judgment on the merits. Failure to file the transcript within the time prescribed by the rules divests the appellate court of its limited powers and precludes the court from reviewing the judgment on the merits. *Consolidated Casualty Insurance Company v. Wade*, 373 S.W.2d 841 (Tex.Civ.App.-Corpus Christi 1963, writ dism'd).

The rules do not specifically address the issue of concurrent appellate jurisdiction. The supreme court has addressed the issue, however, in *Texas State Board of Pharmacy v. Gibson's Discount Centers, Inc.*, 539 S.W.2d 141 (Tex.1976) (hereinafter cited as Gibson's). In that case the supreme court and the court of civil appeals shared concurrent appellate jurisdiction. The State Board of Pharmacy filed notice of appeal to the supreme court pursuant to Tex.R.Civ.P. 354. The appeal was perfected upon the filing of the notice because a bond was not required. On the same day, the Board of Pharmacy requested that additional findings of fact and conclusions of law be made in order to become part of the record for the court of civil appeals. The transcript was filed with the court of civil appeals and no further action was taken with respect to the appeal to the supreme court.

The court of civil appeals granted the motion to dismiss holding that the perfection of the appeal conferred exclusive plenary jurisdiction on the supreme court. *Texas State Board of Pharmacy v. Gibson's*

*Discount Center, Inc.*, 530 S.W.2d 332, 334 (Tex.Civ.App.-Austin, 1975, r'vsd 539 S.W.2d 141). The supreme court reversed reasoning that the rules did not require the notice of appeal to identify the appellate forum, and therefore, it was not within the scope of the notice of appeal to resolve the problem of concurrent jurisdiction. It was also noted that the erroneous designation of the appellate forum did not preclude appeal to the appropriate forum. *Gibson's, supra* 142. The court held that the filing of the transcript conferred jurisdiction on the court of civil appeals. *Gibson's supra* 142.

The appeal bond, cash certificate, or affidavit in lieu thereof, do not require that the appellate forum be designated. Like the notice of appeal, they were not intended to confer exclusive plenary jurisdiction. For these reasons, we hold that the filing of the transcript is determinative of the issue and that the First Court of Civil Appeals has exclusive plenary jurisdiction over the entire controversy.

Appellee DeGuerin's motion to Dismiss for Want of Jurisdiction is denied.