Angelina SALVAGGIO et al., Petitioners,

v.

BRAZOS COUNTY WATER CONTROL
& IMPROVEMENT DISTRICT
NO. 1, Respondent.

Tom ROTELLO et al., Petitioners,

v.

BRAZOS COUNTY WATER CONTROL
& IMPROVEMENT DISTRICT
NO. 1, Respondent.

Nos. B–8623, B–8624.

Supreme Court of Texas.

Jan. 23, 1980.

Sears & Burns, Robert L. Burns, Houston, for petitioners.

Karl C. Hoppess and Warren G. King, Houston, for respondent.

CAMPBELL, Justice.

The causes before us involve the same facts, proceedings and points of error. The trial court dismissed these condemnation proceedings on motions of the condemnor, Water Control District. The Court of Civil Appeals affirmed on certificates the judgments of the trial court. 581 S.W.2d 777 and 581 S.W.2d 779. We reverse the judg-

ments of the Court of Civil Appeals and remand to that court.

The question presented is whether an appellant, entitled to an ordinary appeal or appeal by writ of error, may perfect an ordinary appeal by filing a cost bond, abandon that appeal, and later sue out a writ of error. On November 28, 1977, respondent, District, instituted proceedings in the County Court at Law of Brazos County to condemn easements across petitioners' land. On November 28, 1978, respondent's motion to dismiss these proceedings was granted by the trial court without notice to petitioners and without a hearing. Petitioners' attorney discovered the dismissal and on December 27, 1978, filed a motion to set aside the dismissal. This motion, which was denied by the trial court, alleged that petitioners were not given notice of the motion to dismiss and that the trial court was required to hold a hearing to determine respondent's liability for attorney's fees and expenses authorized by Article 3265, Section 6.[1]

On December 28, 1978, petitioners perfected an ordinary appeal to the Court of Civil Appeals by filing a bond designated "Cost Bond for Appeal." Rule 363.[2] However, they did not file a transcript within 60 days from the rendition of the order of dismissal. On February 27, 1979, petitioners perfected an appeal by writ of error to the Court of Civil Appeals and on March 5, 1979, filed a transcript in that court. Thereafter, and after the appeal by writ of error was docketed, respondent filed a motion to affirm on certificate and to dismiss the writ. The Court of Civil Appeals sustained both motions on May 9, 1979, and affirmed the judgments of the trial court on certificates and dismissed the writs.

▉ Respondent contends that because the transcript was not filed within 60 days after the order of dismissal, it acquired an absolute right under Rule 387 to have the causes affirmed on certificate and the writs of error dismissed. Respondent argues that

petitioners could not abandon the ordinary appeal and sue out a writ of error. We disagree. The perfection of an ordinary appeal by filing an appeal bond does not bind an appellant to an ordinary appeal if he is also entitled to an appeal by writ of error pursuant to Article 2249a and Article 2255.

In *Texas State Board of Pharmacy v. Gibson's Discount Centers, Inc.*, 539 S.W.2d 141 (Tex.1976), the appellant had an option to pursue a direct appeal to this Court or to take an ordinary appeal to the Court of Civil Appeals. Appellant filed a *notice of appeal* "to the Supreme Court of Texas," but took no further action to complete the direct appeal. Thereafter, appellant timely filed a transcript in the Court of Civil Appeals. The Court of Civil Appeals held it was without jurisdiction to entertain the appeal reasoning that once an appeal was perfected only one appellate court could hold jurisdiction. This Court reversed the Court of Civil Appeals. Although a direct appeal had been perfected to the Supreme Court, the rules of civil procedure do not require an appellate court to be named in the notice of appeal. We held the appellant's option remained open until the record was filed in the Court of Civil Appeals.

This reasoning is applicable to these causes. Had petitioners been exempt from posting a cost bond, it could hardly be said that a notice of appeal "to the Court of Civil Appeals," filed within 30 days of judgment, would have bound petitioners to an ordinary appeal and deprived them of an appeal by writ of error. The same would be true of a cash deposit filed within 30 days of judgment. See *Simon v. L. D. Brinkman & Company*, 459 S.W.2d 190 (Tex.1970). We hold that where an appellant has a choice between an ordinary appeal and appeal by writ of error, the mere filing of a cost bond designated "Cost Bond for Appeal" will not bind the appellant to an ordinary appeal.

---

1. All statutory references are to Vernon's Texas Civil Statutes Annotated.

2. All statutory references are to Vernon's Texas Rules Annotated.

The right of appeal is one provided by statute. An appellant should be accorded a very reasonable and liberal interpretation of the rules and requirements of appellate review. *Simon v. L. D. Brinkman & Company, supra.* The statutes and rules were not intended to compel an election between an ordinary appeal and appeal by writ of error simply by filing a cost bond designated "Cost Bond for Appeal." It is undisputed that petitioners were entitled to sue out a writ of error to the Court of Civil Appeals, Arts. 2249a and 2255, and that all procedural requirements to secure this right were met. Respondent has not been prejudiced nor deprived of any right provided by statute or rule of procedure. The holding of the Court of Civil Appeals not only deprived petitioners of their statutory right to appeal by writ of error, it also deprives them of appellate review of the order of dismissal.

The Court of Civil Appeals based its decision on *Jarrell v. Farmers & Merchants' State Bond Bank,* 128 Tex. 332, 99 S.W.2d 281 (1936). That case holds that in an appeal procedure identical to the present case, the right of appellee to affirmance on certificate is absolute. The reasons for the decision in *Jarrell* are no longer applicable. The history of the writ of error practice reveals it was often used as a means of abusing the judicial process and was the subject of much confusion. Prior to 1850, an appellant could perfect an ordinary appeal by giving a notice of appeal and filing a supersedeas bond, fail to file the transcript, and then, after the term of the court had expired, file a petition for writ of error and a supersedeas bond. A judgment debtor, by this process, could delay the enforcement of a judgment for years. The Legislature attempted to correct this practice by enacting a statute which authorized the appellate court to affirm a case on certificate if the transcript was not timely filed.[3] Under the affirmance statute, an appellant's right to abandon a perfected appeal and sue out a writ of error was qualified by an appellee's right to have the case affirmed on certificate but only if the motion to affirm was filed during the term to which the appeal was returnable. The courts uniformly invoked this statute to protect an appellee's right to have a judgment enforced. *See Perez v. Garza,* 52 Tex. 571 (1880); *Welch v. Weiss,* 99 Tex. 356, 90 S.W. 160 (1905). However, exceptions were created where an appellant had been denied monetary recovery in the trial court, *see Harding v. City of Raymondville,* 58 S.W.2d 55 (Tex.Comm'n.App.1933, jdgm't adopted), and in cases where the appellee was not prejudiced by the delay. *Peter Co. v. Green,* 42 S.W.2d 1055 (Tex.Civ.App.—Austin 1931, writ ref'd).

The delay which the old affirmance statute and the decision in *Jarrell* sought to prevent is not found in this case and is not possible under our present appellate procedure. The effect of Article 2249a, Article 2255, and Rule 356, is that the existence of a judgment must be known within 30 days after its rendition before an appellant has a choice between an ordinary appeal and appeal by writ of error. Under the present rules and statutes an appellee can be subjected to no more than a five-month delay because Rule 356 allows 30 days to perfect an ordinary appeal and Article 2255 allows six months to perfect an appeal by writ of error. The availability of an appeal by writ of error is restricted to those appellants who do not participate in the actual trial of a case. Article 2249a. Continuous terms of the Courts of Civil Appeals preclude an appellant from using a writ of error as a means of extensive delay. Article 1816.

Although Article 2249a has eliminated most of the abuses previously found in writ of error practice, confusion still exists in its application. This is evidenced by the inconsistent holdings of *International Life Insurance Company v. Riley,* 441 S.W.2d 858 (Tex.Civ.App.—Amarillo 1969, writ ref'd n.r.e.) and *American Indemnity Company v. Jenkins,* 554 S.W.2d 219 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ). In *Riley,* the appellee obtained a default judgment against the appellant. Appellant perfected

3. Acts 1850, 3rd Leg., p. 609, Sec. 7, p. 611.

an ordinary appeal, abandoned it, and then perfected an appeal by writ of error within six months of the judgment. Thereafter, appellee filed a motion to affirm on certificate. Before the time allowed for filing a transcript for a writ of error had expired, the Court of Civil Appeals granted the appellee's motion to affirm on certificate and dismissed the writ of error. The court held that where an appellant, after perfecting an ordinary appeal, fails to timely file a transcript for the appeal, the appellee's right to have the case affirmed on certificate is absolute even though the appellant has a right to appeal by writ of error.

In *Jenkins*, the appellant moved to consolidate its ordinary appeal with its subsequently filed petition for writ of error. The Court of Civil Appeals held a litigant may pursue both an appeal and a writ of error, providing there is compliance with statutory requirements, but the Court of Civil Appeals does not have jurisdiction to consider the writ of error after the appeal has been determined on its merits. The court also held if the appellant should abandon its appeal, it would not be precluded from prosecuting its writ of error, provided no prejudice to the appellee results. We disapprove *Riley* and *Jenkins*.

Article 2249 provides "an Appeal or Writ of Error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment of the county court in civil cases . . . ." This statute, by the use of the disjunctive "or" contemplates that either an appeal or writ of error may be had and not both methods simultaneously. The term "appeal" contemplates that appellate review will be pursued until a judgment is rendered by the higher court. This Court has long recognized the right of an appellant to abandon an ordinary appeal and later sue out a writ of error. *Scottish Union & National Insurance Co. v. Clancey*, 91 Tex. 467, 44 S.W. 482 (1898).

■ Here, petitioners abandoned the ordinary appeals by failing to timely file the records within 60 days after the rendition of the final orders of the trial court. Rule 386. Thirty-one days later they perfected appeals by writ of error. If respondent had filed its motions to affirm on certificate within this 31-day period the Court of Civil Appeals would properly have affirmed on certificate the final orders of the trial court. This would have precluded petitioners from subsequently perfecting the writs of error because the trial court judgment would then become the judgment of the Court of Civil Appeals, and the only appeal that could then be perfected would be to this Court. This right to affirmance rested solely with respondent and was lost when petitioners perfected the writs of error.

Petitioners, having perfected their writs of error and timely filed the transcripts, are entitled to have the appeals considered and determined on their merits. Had petitioners failed to timely file the transcripts in the writs of error, the orders of the trial court would again be subject to affirmance on certificates. *Jarrell v. Farmers & Merchants' State Bond Bank*, 128 Tex. 332, 99 S.W.2d 281 (1936), is overruled to the extent of its conflict with this holding.

Under the authority of *Simon v. L. D. Brinkman & Co.*, 459 S.W.2d 190 (Tex.1970) and *Bay v. Mecom*, 393 S.W.2d 819 (Tex. 1965), we may not adjudicate the merits of the writs of error. Accordingly, the judgments of the Court of Civil Appeals are reversed and the causes are remanded to that court for a determination of the merits of the writs of error.

McGEE, J., notes his dissent.