**BATEN ERECTION CORPORATION, Appellant,**

v.

**IRON WORKERS' PENSION TRUST FUND, Iron Workers' Welfare Trust Fund and Iron Workers' Apprentice Trust Fund, Appellees.**

**No. 17709.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 9, 1980.

---

Smith, Smith, Dunlap & Canterbury, James M. Stewart, Dallas, for appellant.

D. M. Freedman, Houston, for appellees.

Before WALLACE, EVANS and WARREN, JJ.

WALLACE, Justice.

This is a writ of error arising from a default judgment. The petitioner, Baten Erection Corporation, attacks the judgment on grounds of (1) lack of jurisdiction over petitioner and, (2) "no evidence" and "insufficient evidence" of the amount of damages and attorney's fees. Respondents contend that this court is without jurisdiction because the writ of error was not timely filed. We reverse and remand.

Respondents, plaintiffs below, pleaded in their original petition that they were entitled to $13,056.23 on an account stated, plus attorney's fees of $4,532.08. Petitioner, defendant below, was duly served on September 28, 1978, but did not answer. On July 5, 1979 respondents filed their first amended petition wherein they asked for $62,-365.13 on sworn account plus attorney's fees of $20,788.37; they pleaded in the alternative that they should recover on contract; and prayed for auditor fees and liquidated damages. No service of the first amended original petition was had on petitioner. On July 9, 1979, the trial court granted respondents a judgment for $64,440.18 plus attorney's fees of $20,000.

■ The respondents' cross point attacking jurisdiction of the court will be addressed first. Petitioner's bond and writ of error were filed January 22, 1980. On March 24 petitioner filed the transcript. Rule 4, T.R.C.P. provides:

In computing any period of time prescribed or allowed by these rules by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday or a legal holiday.

The 60 day period for filing the transcript commenced running on January 23 and would have ended on March 22, except that that date was a Saturday; so the time for filing was extended through the end of Monday, March 24. The transcript was filed on March 24, giving this court jurisdiction. *Young v. DeGuerin,* 580 S.W.2d 171 (Tex.Civ.App.–Houston [1st Dist.] 1979, no writ). This court granted extensions of time pursuant to Rule 21c, T.R.C.P., for filing the statement of facts, and petitioner filed the statement of facts within the extended time. Respondent's cross–point is overruled.

■ Petitioner's first point of error contests the trial court's jurisdiction to enter default judgment inasmuch as he was not served with the first amended petition. Generally, a defendant who has been cited but has not answered must be notified of every amendment which sets up a new cause of action or requires a more onerous

judgment of him. *Landram v. Robertson*, 195 S.W.2d 170, 173 (Tex.Civ.App.–San Antonio 1974, writ ref. n. r. e.). Respondent's original petition asserted a cause of action based solely on a stated account in the amount shown on "Exhibit A" attached thereto. The attached exhibit itemized the amount allegedly due and totaled $13,-056.23, covering a period of time through April 30, 1978. The petition alleged damages of at least "$13,056.23," and reasonable attorney's fees.

 The plaintiff's first amended original petition stated a cause of action based on a sworn account made an exhibit thereto. The exhibit was a summary of hours worked and contributions due for each of the years 1977 and 1978. The total is $62,-365.13, as opposed to the $13,056.23 itemized in the exhibit made a part of the original petition. In addition to the sworn account, the amended petition included a count based on contract and asked for auditor's fees and liquidated damages. Additionally, the attorney's fees prayed for, which were based on one–third of the damages, were increased from $4,352.08 in the original petition to $20,788.37 in the amended petition.

At the trial of the matter the contract between the parties was introduced into evidence. The court entered judgment for $64,440.13 plus attorney's fees of $20,000 without indicating whether the judgment was based upon the sworn account or on the contract.

Respondents contend that there was no new cause of action pleaded in the amended petition and that the words "at least" preceding the damages prayed for relieves them of the necessity for service of the amended petition on petitioner. Based upon the facts above recited we find that a new cause of action was in fact pleaded, and that the trial court may have based the judgment on the contract theory of the case as opposed to the sworn account theory. Also, the elements of auditor's fees and liquidated damages were new causes of action. The increase of damages from $13,-056.27 to $63,365.13 was clearly more onerous on the petitioner and due process re-

quired serving of the amended petition upon petitioner. *Weaver v. Hartford Accident & Indemnity Co.*, 570 S.W.2d 367 (Tex. 1978).

In view of our holding on the above point it is not necessary to discuss petitioner's other points.

The judgment of the trial court is reversed and the cause is remanded for new trial.