INDUSTRIAL ACCIDENT BOARD OF
the STATE OF TEXAS, Appellant,

v.

Rosa MAGANA, et al., Appellees.

No. A14–86–898–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 3, 1987.

Charles S. Black, Jr., Austin, for appellant.

Michael Phillips, Houston, for appellees.

Before J. CURTISS BROWN, C.J.,
and ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

Appellees, Rosa Magana, et al., are insurance company employees practicing before appellant, the Industrial Accident Board of the State of Texas (the Board). The trial court permanently enjoined the Board from conducting an investigative hearing into appellees' allegedly unfair claims handling practices concerning a compensation claimant. The Board appeals the order granting the permanent injunction.

The trial court based the injunction on its conclusion that portions of the Workers' Compensation Act (the Act), under which the Board conducts investigative hearings, are discriminatory.[1] The court found that the Act, by not specifically guaranteeing appellees a right of appeal from investigative hearing sanctions by trial de novo in their county of residence, treats appellees (and attorneys) differently from others appearing before the Board.

The Board presents three points of error. In two points it challenges the trial court's conclusions that appellees are treated differently and discriminated against under the Act. The Board also contests the court's finding that appellees would be deprived of the right to practice before the Board as a result of sanctions imposed during an investigative hearing. Appellees bring one counterpoint, claiming the appeal should be dismissed for want of jurisdiction and want of prosecution.

We do not reach the merits of the argument. Appellees have filed with this court a motion to dismiss the cause for want of jurisdiction. Holding that we lack jurisdiction to consider the appeal, we grant appellees' motion and dismiss the appeal.

A procedural chronology of the case is necessary. The trial court entered final judgment granting the permanent injunction against the Board on October 24, 1986. The Board filed a notice of appeal under Tex.R.App.P. 40(a)(2) on November 6, 1986. The notice of appeal did not designate an appellate court. However, the Board had filed a request for transcript preparation

---

1. Tex.Rev.Civ.Stat.Ann. arts. 8306, 8307 (Vernon Supp.1986).

with the district clerk several days prior to the notice of appeal. That letter, dated October 30, 1986, and filed November 3, 1986, stated in part that the Board "intend[ed] to appeal ... to the Texas Supreme Court," and requested that the clerk's office "prepare a complete transcript and forward it to the Supreme Court on or before November 13, 1986."

The clerk's office filed the statement of facts in the supreme court on November 26, 1986. For reasons unknown, the transcript was next filed in *this* court on December 12, 1986. A duplicate transcript was timely filed in the supreme court ten days later, apparently after the Board discovered the error.

On January 14, 1987, the supreme court, having received briefs and heard argument, dismissed the Board's appeal for want of jurisdiction, and subsequently denied motions for rehearing. The court filed no opinion with its dismissal. Following dismissal from the supreme court, the Board now pursues the appeal in this court.

The subject of the appeal before us clearly permits a direct appeal to the supreme court. The applicable rule reads as follows:

> (b) An appeal to the Supreme Court directly from such a trial court may present only the *constitutionality or unconstitutionality of a statute of this State* when the same shall have *arisen by reason of the order of a trial court granting or denying an interlocutory or permanent injunction.*
>
> (c) *Such appeal shall be in lieu of an appeal to the court of appeals* and shall be upon such question or questions of law only, and a statement of facts shall not be brought up except to such extent as may be necessary to show that the appellant has an interest in the subject matter of the appeal.... *If the case involves the determination of any contested issue of fact* even though the contested evidence should be adduced as to constitutionality or unconstitutionality of

a statute ... *such an appeal will be dismissed.*

\*    \*    \*    \*    \*    \*

Tex.R.App.P. 140 (emphasis added).

■ The rule mandates that an appellant elect either a regular appeal or a direct appeal if applicable, but not both. *City of Corpus Christi v. Public Utility Comm'n,* 572 S.W.2d 290, 293–94 (Tex.1978). We hold the record establishes the Board's election of direct appeal to the supreme court. We further hold such election forecloses an appeal in this court.

■ It is established that mere designation of an appellate court in a notice of appeal is insufficient to confer jurisdiction upon that court. Such designation has been held immaterial and a matter of surplusage. *Texas State Board of Pharmacy v. Gibson's Discount Centers,* 539 S.W.2d 141, 142 (Tex.1976). Further action on the part of an appellant is required to complete the appeal. *Id.*

The facts before us are distinguishable from those in *Texas State Board of Pharmacy,* in which the appellants did nothing to complete a direct appeal beyond the immaterial act of designating the supreme court in their notice. The record in that case was filed only in the court of appeals. Here, however, the Board clearly took steps to perfect, and, indeed did perfect, a direct appeal: The Board requested the district clerk to prepare and forward a complete transcript specifically to the supreme court; and, after discovering the filing error resulting in a transcript being filed in this court, ordered a duplicate transcript filed in the supreme court. Furthermore, the Board conceded at oral submission its original intent to pursue a direct appeal.[2] The Board also stated at submission that it did not inform the supreme court of its unqualified election of direct appeal after it discovered the filing error, because "we assumed we were in the supreme court."

The supreme court dismissed the appeal for want of jurisdiction without opinion.

---

**2.** We note from the briefs that the Board had previously appealed directly to the supreme court from the temporary injunction granted in the case on August 6, 1986. The supreme court dismissed that appeal as moot.

Whether the court dismissed under Rule 140(c) ("the case involves the determination of any contested issue of fact"), or because it reasoned this court retained jurisdiction, is unknown. We decline to speculate as to the rationale behind the supreme court's dismissal.

We hold the Board perfected a direct appeal to the Texas Supreme Court and accordingly dismiss the appeal for want of jurisdiction.