# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00568-CV

**Justin Belt, Appellant**

**v.**

**Point Venture Property Owners' Association, Inc., Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. D-1-GV-85-374108, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Justin Belt brings this restricted appeal from an order to pay excess proceeds from a tax foreclosure sale of property. *See* Tex. Tax Code Ann. § 34.04 (West Supp. 2007). The underlying suit was brought by Travis County on behalf of various taxing units[1] to recover delinquent taxes, penalties and interest against Alice Bailey, as the property owner, and against "all unknown persons owning, having, claiming any interest or lien in the property described herein." On April 3, 2001, the trial court entered judgment for the taxing units and issued an order of sale. The property sold at a foreclosure sale on February 6, 2007, and excess proceeds from the sale of approximately $9,337.36 were deposited with the clerk of the court. Belt purchased the property shortly before the tax foreclosure sale occurred.

---

[1] The taxing units were Travis County, Lago Vista Independent School District, Travis County Emergency Services District No. 1, County Education District, and Water Control Improvement District-Point Venture.

In March 2007, appellee Point Venture Property Owners' Association, Inc. filed a petition asserting a claim of $15,085 to the excess proceeds. Alice Bailey also filed a petition for release of excess proceeds asserting a claim of $9,337.36. The trial court held a hearing on the petitions and ordered the release of $9,337.36 to Point Venture and $0 to Alice Bailey on April 13, 2007. Belt filed a notice of appeal of the order on May 14, 2007, but he did not pursue the appeal. He filed a motion to intervene and a motion for new trial on May 17, 2007. Belt contended that a new trial should be awarded because he only learned of the hearing on or about April 24, 2007, and, therefore, did not have an opportunity to participate in the hearing. On October 10, 2007, he filed a notice of restricted appeal.

On January 31, we notified Belt of our concern that we lacked jurisdiction over the restricted appeal. An appellant filing a restricted appeal must demonstrate the following: (1) the notice of the restricted appeal was filed within six months after the judgment was signed; (2) by a party to the lawsuit; (3) who neither participated in the hearing nor filed a timely notice of appeal, post-judgment motion or request for findings of fact or conclusions of law; and (4) the face of the record must disclose the claimed error. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see also* Tex. R. App. P. 26.1, 30. We informed Belt that the restricted appeal was subject to dismissal unless a response was filed by February 11, 2008. *See* Tex. R. App. P. 42.3. In response, Belt contends that he satisfies each of the requirements for bringing a restricted appeal.

Belt's notice of restricted appeal was filed within six months of the April 13 order, but Belt was not a party of record in the underlying lawsuit when the order became final, and intervention after the trial court no longer has plenary power generally is untimely. *See* Tex. R. Civ.

2

P. 329b; *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 725 (Tex. 2006). Belt, as a non-party, may not bring a restricted appeal.

Belt contends that he was a party by virtue of his ownership in the property at the time of the foreclosure sale and because the plaintiff's petition names "unknown owners" of the property. Assuming without deciding that Belt had party status to appeal the order by virtue of his former ownership in the property, *see In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d at 723-24 (doctrine of virtual representation exception to general rule that only parties of record may appeal), Belt also does not satisfy the third or fourth requirements for bringing a restricted appeal. He cannot satisfy the third requirement because he timely filed a notice of appeal—within thirty days of the April 13 order.[2] *See* Tex. R. App. P. 26.1. A party can no longer abandon an ordinary appeal and then seek a restricted appeal. *See* Tex. R. App. P. 30; *Salvaggio v. Brazos County Water Control & Improvement Dist.*, 598 S.W.2d 227, 229-30 (Tex. 1980) (before the 1997 amendments to appellate rules, a party could timely perfect an appeal, abandon that appeal, and proceed by appeal by writ of error, the predecessor procedure to restricted appeals).

Belt also cannot satisfy the fourth requirement—error on the face of the record. *See Alexander*, 134 S.W.3d at 848. We review the evidence before the trial court when it issued its order to determine if there is error on the face of the record. *Id*. at 848-849 (evidence not before trial court prior to final judgment may not be considered in restricted appeal; appropriate remedy is motion for new trial or bill of review). Belt complains that he did not receive notice of the April hearing so that

---

[2] Belt's motion for new trial—filed May 17—was not timely as it was filed more than thirty days after the April 13 order. *See* Tex. R. Civ. P. 329b.

he could participate in the hearing. Section 34.04, however, does not require that former owners be served with a petition for excess proceeds or with notice of the hearing on the petition. *See* Tex. Tax Code Ann. § 34.04(b). A person filing a petition for excess proceeds is only required to serve the petition on the parties in the underlying tax suit at least twenty days before the day a hearing is set on the petition. *Id.* The record shows that Point Venture served its petition on the parties in the underlying lawsuit, Travis County and Alice Bailey, more than twenty days before the hearing. Viewing the evidence before the trial court when it issued its order in April, the record on its face does not show error.

Because Belt cannot demonstrate the requirements for a restricted appeal, we dismiss the appeal for want of jurisdiction.

 

 

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Dismissed for Want of Jurisdiction

Filed: February 22, 2008

4