TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00568-CV






Justin Belt, Appellant


v.


Point Venture Property Owners' Association, Inc., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT

NO. D-1-GV-85-374108, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 

M E M O R A N D U M O P I N I O N



 Appellant Justin Belt brings this restricted appeal from an order to pay excess
proceeds from a tax foreclosure sale of property. See Tex. Tax Code Ann. § 34.04 (West Supp.
2007). The underlying suit was brought by Travis County on behalf of various taxing units (1) to
recover delinquent taxes, penalties and interest against Alice Bailey, as the property owner, and
against "all unknown persons owning, having, claiming any interest or lien in the property described
herein." On April 3, 2001, the trial court entered judgment for the taxing units and issued an order
of sale. The property sold at a foreclosure sale on February 6, 2007, and excess proceeds from the
sale of approximately $9,337.36 were deposited with the clerk of the court. Belt purchased the
property shortly before the tax foreclosure sale occurred.

 In March 2007, appellee Point Venture Property Owners' Association, Inc. filed a
petition asserting a claim of $15,085 to the excess proceeds. Alice Bailey also filed a petition for
release of excess proceeds asserting a claim of $9,337.36. The trial court held a hearing on the
petitions and ordered the release of $9,337.36 to Point Venture and $0 to Alice Bailey on April 13,
2007. Belt filed a notice of appeal of the order on May 14, 2007, but he did not pursue the appeal.
He filed a motion to intervene and a motion for new trial on May 17, 2007. Belt contended that a
new trial should be awarded because he only learned of the hearing on or about April 24, 2007, and,
therefore, did not have an opportunity to participate in the hearing. On October 10, 2007, he filed
a notice of restricted appeal. 

 On January 31, we notified Belt of our concern that we lacked jurisdiction over the
restricted appeal. An appellant filing a restricted appeal must demonstrate the following: (1) the
notice of the restricted appeal was filed within six months after the judgment was signed; (2) by a
party to the lawsuit; (3) who neither participated in the hearing nor filed a timely notice of appeal,
post-judgment motion or request for findings of fact or conclusions of law; and (4) the face of the
record must disclose the claimed error. See Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848
(Tex. 2004); see also Tex. R. App. P. 26.1, 30. We informed Belt that the restricted appeal was
subject to dismissal unless a response was filed by February 11, 2008. See Tex. R. App. P. 42.3.

In response, Belt contends that he satisfies each of the requirements for bringing a restricted appeal. 

 Belt's notice of restricted appeal was filed within six months of the April 13 order,
but Belt was not a party of record in the underlying lawsuit when the order became final, and
intervention after the trial court no longer has plenary power generally is untimely. See Tex. R. Civ.
P. 329b; In re Lumbermens Mut. Cas. Co., 184 S.W.3d 718, 725 (Tex. 2006). Belt, as a non-party,
may not bring a restricted appeal.

 Belt contends that he was a party by virtue of his ownership in the property at the time
of the foreclosure sale and because the plaintiff's petition names "unknown owners" of the property. 
Assuming without deciding that Belt had party status to appeal the order by virtue of his former
ownership in the property, see In re Lumbermens Mut. Cas. Co., 184 S.W.3d at 723-24 (doctrine of
virtual representation exception to general rule that only parties of record may appeal), Belt also does
not satisfy the third or fourth requirements for bringing a restricted appeal. He cannot satisfy the
third requirement because he timely filed a notice of appeal--within thirty days of the April 13
order. (2) See Tex. R. App. P. 26.1. A party can no longer abandon an ordinary appeal and then seek
a restricted appeal. See Tex. R. App. P. 30; Salvaggio v. Brazos County Water Control &
Improvement Dist., 598 S.W.2d 227, 229-30 (Tex. 1980) (before the 1997 amendments to appellate
rules, a party could timely perfect an appeal, abandon that appeal, and proceed by appeal by writ of
error, the predecessor procedure to restricted appeals).

 Belt also cannot satisfy the fourth requirement--error on the face of the record. See
Alexander, 134 S.W.3d at 848. We review the evidence before the trial court when it issued its order
to determine if there is error on the face of the record. Id. at 848-849 (evidence not before trial court
prior to final judgment may not be considered in restricted appeal; appropriate remedy is motion for
new trial or bill of review). Belt complains that he did not receive notice of the April hearing so that
he could participate in the hearing. Section 34.04, however, does not require that former owners be
served with a petition for excess proceeds or with notice of the hearing on the petition. See Tex. Tax
Code Ann. § 34.04(b). A person filing a petition for excess proceeds is only required to serve the
petition on the parties in the underlying tax suit at least twenty days before the day a hearing is set
on the petition. Id. The record shows that Point Venture served its petition on the parties in the
underlying lawsuit, Travis County and Alice Bailey, more than twenty days before the hearing. 
Viewing the evidence before the trial court when it issued its order in April, the record on its face
does not show error.

 Because Belt cannot demonstrate the requirements for a restricted appeal, we dismiss
the appeal for want of jurisdiction.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Dismissed for Want of Jurisdiction

Filed: February 22, 2008


1. The taxing units were Travis County, Lago Vista Independent School District, Travis
County Emergency Services District No. 1, County Education District, and Water Control
Improvement District-Point Venture. 
2. Belt's motion for new trial--filed May 17--was not timely as it was filed more than thirty
days after the April 13 order. See Tex. R. Civ. P. 329b.